[Civ. No. 17411.   First Dist., Div. Two.   Dec. 5, 1956.]

EARL MONTGOMERY, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

George Nye, Public Defender, and R. Donald Chapman, Assistant Public Defender, for Petitioner.

J. F. Coakley, District Attorney, R. Robert Hunter, Chief Assistant District Attorney, Robert H. McCreary, Assistant District Attorney, and Albert E. Hederman, Jr., Deputy District Attorney, for Respondents.

DOOLING, Acting P. J.—The petitioner has been charged with possession of marijuana. (Health & Saf. Code, § 11500.) He seeks to prohibit further proceedings in his trial on the

ground that the marijuana in question was found on his person as a result of an illegal search.

Officer Ingram, who conducted the search, testified that he and other officers were directed by Sergeant Hilliard to go to a public lavatory in a park at 11th and Jefferson Streets. The sergeant told him that another officer had just telephoned to the sergeant from the residence of one J. D. Kirk, a known peddler of narcotics, and had said that he had just had a conversation on Kirk's telephone with one Charles Brown in which Brown had asked for the delivery to him of some heroin near this lavatory. The officers went immediately to the place of rendezvous and in approximately six or seven minutes an automobile stopped at the corner of 11th and Jefferson Streets and a man, whom Ingram recognized as Brown from a description furnished by Hilliard, got out and walked over to the lavatory "and was hanging around the lavatory for a couple of minutes." Two other men, one of whom was the petitioner Montgomery, remained seated in the parked automobile from which Brown had alighted. While other officers approached Brown, Ingram and a partner went to the parked automobile and after a conversation in which petitioner denied any connection with narcotics Ingram made a search of his person and found a partly smoked marijuana cigarette in the pocket of his jacket.

Petitioner relies upon such cases as *People* v. *Simon,* 45 Cal.2d 645 [290 P.2d 531], and *People* v. *Schraier,* 141 Cal.App.2d 600 [297 P.2d 81], to support his contention that the officer had no reasonable ground to search his person. Without detailing the facts of those cases they may be said to hold that the mere fact that one is in the company of another who is known or reasonably believed to have committed a felony, standing alone, is not enough to justify the police in making a search of his person. The facts in this case go beyond such mere association. Here the officer was informed that only a few minutes before the three men arrived together in an automobile one of them, Brown, had asked to have a quantity of narcotics delivered to him at that location. When Brown arrived at the criminal rendezvous with two other persons so shortly after making the arrangement to commit a crime we cannot say that the officer did not have reasonable grounds to believe that the two others were Brown's confederates.

"Reasonable or probable cause has been discussed in many cases. Generally speaking, it means 'such a state of

facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion, that the person accused is guilty.' '' (*People* v. *Soto,* 144 Cal.App.2d 294, 298 [301 P.2d 45], and cases there cited.)

While petitioner's mere association with Brown might be innocent the fact that he arrived in his company so shortly after Brown had arranged for a purchase of narcotics is a factor strongly indicating that he was a party to Brown's criminal purpose, and in our judgment satisfied the rule just stated. (*Cf. People* v. *Hickman,* 143 Cal.App.2d 79 [299 P.2d 389].)

The alternative writ heretofore issued is discharged and the petition denied.

Kaufman, J., and Draper, J. pro tem.,* concurred.