[Crim. No. 10801.   Second Dist., Div. Four.   May 18, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. TERRY LEE COLLINS, Defendant and Appellant.

Erling J. Hovden, Public Defender, Don R. Ellertson, Jr., Robert C. McDaniel and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Stanton J. Price, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged by information with possession of marijuana (Health & Saf. Code, § 11530). He pleaded not guilty, waived a trial by jury, and stipulated to a submission of the case upon the testimony contained in the transcript of the preliminary hearing. The court found defendant guilty and denied his motion for new trial. Criminal proceedings were then adjourned so that a civil proceeding

might be undertaken for defendant's commitment as an addict under Penal Code section 6451 (now Welf. & Inst. Code, § 3051). Defendant appeals from the order denying his motion for new trial (Pen. Code, § 1237, subd. 2).

The sole contention made here by defendant is that the evidence of his guilt was obtained by an illegal search of his person, and for that reason it should have been excluded.

The case rests entirely upon the testimony of one police officer and a stipulation that a cigarette found by the officer in defendant's pocket contained marijuana.

On the evening of September 19, 1964, undercover agents of the police met with a man named Tanaka, who agreed to make a delivery of marijuana at Silverado Park about 10:30 p.m. At the appointed time and place an undercover officer was in one vehicle and the witnessing officer was nearby in another vehicle. The two officers were in communication by electronic equipment. Tanaka approached in a 1940 Dodge and instructed the undercover officer to move his car around the corner. The latter complied. The witness moved to a new vantage point and observed Tanaka leave his car, go to the undercover officer and engage in a transaction. Tanaka returned to the Dodge. The undercover officer reported that the buy had been made. The witness then approached the Dodge and ordered all of the occupants to come out. Four men were found in that vehicle. Tanaka was in the right-hand front seat and defendant was in the rear seat. The witness then searched defendant and found a marijuana cigarette in his pants pocket.

If the officer had legal cause to arrest defendant as he alighted from the Dodge, the contraband found in the search is admissible even though there had not yet been a formal arrest. (*People* v. *Cockrell,* 63 Cal.2d 659, 667 [47 Cal.Rptr. 788, 408 P.2d 116].)

The circumstances known to the officer prior to the search supported a strong and reasonable belief that defendant was a participant in the sale of marijuana which had just taken place. This was no casual meeting. The illegal transaction had been planned and agreed upon in advance. A man who is keeping a rendezvous to deliver marijuana on a street corner at night is not likely to bring innocent persons along to witness his crime. The police know—just as judges who hear narcotics cases know—that the person who delivers narcotics to the intended user is rarely in business alone. Not infrequently the real seller is observing in the background while his

agent hands over the contraband and receives the money from the buyer. Defendant's presence in the vehicle by which this delivery was made constituted ground for his arrest as a probable accomplice. In this respect, the case is analogous to *People* v. *Ingle*, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577], and *Montgomery* v. *Superior Court*, 146 Cal.App.2d 622 [304 P.2d 206].

The order is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 13, 1966.