[Crim. No. 8527. In Bank. Apr. 28, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. BILLY LEO HARRIS et al., Defendants and Appellants.

Minsky, Garber & Rudof, Albert C. Garber, J. M. Groshan and Bernard M. Minsky for Defendants and Appellants.

682

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

McCOMB, J.—Defendant Billy Leo Harris was convicted of violating section 11500.5 of the Health and Safety Code (possession of heroin for sale), and his wife, defendant Geraldine Harris, was convicted of violating section 11500 (possession). Both defendants appeal from the judgments.

*Facts*: Narcotic officers, in an investigation of a Mr. and Mrs. White, had searched their apartment and placed them under arrest. During the course of this investigation, Mrs. White agreed to "set up her connection" for the officers so they could apprehend him.

Mrs. White made a couple of telephone calls and arranged for her "connection" to make a delivery to her apartment that evening. Mr. and Mrs. White and five police officers were waiting in the White apartment when, about 9:30 p.m., a car was driven up from which defendant Billy Harris alighted and entered the building. Mrs. White looked out the window and said, "Yes, that is his car and that's him. He will be up here in just a few seconds." The officers took positions by the front door of the apartment, and when there was a knock at the door they opened it and identified themselves as police officers.

Defendant Billy Harris made a motion towards his pants pocket with his right hand and said, "I have got a knife." Two officers grabbed his arms, and in the ensuing scuffle the officers and Harris fell to the floor. In the scuffle a rubber balloon fell from Harris' hand. One of the officers picked it up, examined it, and saw that it contained what he believed to be heroin. This belief was later verified by a police chemist.

Two of the officers went down to the car in which Billy Harris had arrived. In the front seat was defendant Geraldine Harris. One of the officers asked her what she was doing, and she replied that she was waiting for her husband. She described the person she was waiting for in such a way as to convince the officers that she was waiting for the man whom they had just arrested. They then asked if they could search the car, and Mrs. Harris consented. One of the officers observed a bulge in the righthand pocket of the jacket Mrs. Harris was wearing and asked her what she had in the pocket. She removed some Blue Chip stamps and said, "Oh, that is

some Blue Chip stamps.'' As she was removing the stamps the officer noticed a portion of a plastic bag protruding from the pocket. Knowing that plastic bags are a means commonly used for carrying narcotics, he said ''What is this?'' and reached over and removed it from her pocket. The bag contained a large quantity of heroin.

Question: *Was there probable cause for the arrest and search of defendants?*

*Yes.* ▮ Taking the arrests in the order in which they occurred, first, the arrest and search of defendant Billy Harris was lawful and proper. This appears from the facts above stated, which clearly establish probable cause for the arrest and search. (*People* v. *Torres,* 56 Cal.2d 864, 866 [2] [17 Cal. Rptr. 495, 366 P.2d 823].)

▮ Second, the arrest of Mrs. Harris was also proper. One of the officers had seen the exposed portion of the plastic bag in her pocket; he knew from his experience as a narcotics investigator in the Los Angeles Police Department that narcotics are commonly packaged in plastic bags; and he knew that Mr. Harris had just been arrested. He was therefore justified in asking Mrs. Harris what was in the bag and removing it from her pocket. The totality of the circumstances was sufficient to raise an honest and strong suspicion that she was her husband's accomplice. (*People* v. *Ingle,* 53 Cal.2d 407, 413 [5] [2 Cal.Rptr. 14, 348 P.2d 577] ; *People* v. *Miller,* 176 Cal.App.2d 571, 575 [1] [1 Cal.Rptr. 656] ; *Montgomery* v. *Superior Court,* 146 Cal.App.2d 622, 623 [1] [304 P.2d 206].)

Seizure of the plastic bag exposed by Mrs. Harris was not the result of wrongful assertion of authority by the officers. Incident to their arrest of defendant Billy Harris, the officers were entitled to search the car he had used to deliver the heroin. Upon discovering that his car was occupied and establishing that the occupant was his wife, they asked ''if she minded'' their searching the car. She stated that she did not, and as Officer McMillan was about to search the car he noticed the bulge in her pocket. It was nighttime and she was seated in a car, with the motor running, on a public street. She had not yet been checked for concealed weapons. Her husband had just been arrested, following a struggle in which he had impliedly threatened to use a knife on the officers. Mrs. Harris might also have had a weapon. Officer McMillan did not ''frisk'' her; he did not demand that she alight from the car; he merely asked her what she had in her pocket. Such a request was reasonable under the circumstances. (*People* v.

*Mickelson,* 59 Cal.2d 448, 450 [1a] [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Torres, supra,* 56 Cal.2d 864, 866 [1, 2]; *People* v. *Ingle, supra,* 53 Cal.2d 407, 412-413 [1-5].)

The applicable rule in the present case is stated by this court in *People* v. *Michael,* 45 Cal.2d 751, 754 [290 P.2d 852]: ". . . to hold as a matter of law that the evidence was produced in response to an unlawful assertion of authority would seriously hamper officers in the reasonable performance of their duties." (Cf. *People* v. *Blodgett,* 46 Cal.2d 114, 117 [2, 3] [293 P.2d 57].)

The judgments are affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Burke, J., and White, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.