[Crim. No. 12798.   Second Dist., Div. Four.   Aug. 15, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JASPER TAYLOR, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Clifford L. Schaffer, Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with possession of marijuana in violation of section 11530 of the Health and Safety Code. Four prior narcotic offenses were also charged. A motion under section 995 of the Penal Code was made and denied. Defendant pled not guilty and denied the priors. Trial by jury was duly waived and the case was submitted on the transcript of the preliminary examination; except for the records of prior offenses, hereinafter dismissed, no additional testimony was offered or received. Defendant was found guilty as charged, all four priors were found to be true, probation was denied and he was sentenced to state prison, the term to run concurrently with the sentence on the fourth prior. He has appealed.

Defendant was on parole from state prison. His parole officer, Franklin Milner, received a phone call from a man representing himself to be a social worker, advising the parole officer that he had had contacts with defendant and suspected that he was engaged in narcotic transactions. The parole officer and his partner, Macomber, went to defendant's apartment, identified themselves, and sought permission to search the apartment. The search disclosed a small quantity of marijuana. On cross-examination, Milner was asked if he had shown the marijuana to defendant. His testimony was as follows:

"Q. Did you show him what you found? A. Yes, sir.
"Q. Did he appear to recognize it? A. Yes, sir.

"Q. What did he say? A. He said that he had just sent a man around the corner to get this and he said that—he grabbed the box from my hand. And I asked him what was he going to do. He said he was going to roll him a cigarette and smoke one.

"Q. Did you tell him what it was you found? A. Yes, sir.

"Q. Or did you just let him— A. Yes, sir. I asked him who it belonged to. He said he had just sent a man around the corner with three or four dollars and bought it.''

On appeal, counsel argues: (1) that the search was illegal; (2) that the admission of the statements above set forth violated the rules laid down in *Miranda* v. *Arizona* (1966) 384 U.S. 486 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; and (3) that the evidence did not support the finding as to two of the four alleged prior convictions.

## I

■ In support of the argument on illegal search, counsel urges that the parole officer had acted without probable cause, since he did not know the caller and the caller had expressed only a suspicion without supporting data. Counsel also argues that the alleged consent was ineffective as being merely submission to authority. We need not consider either argument. While it has been held that a parole officer must comply with the requirements of section 844 of the Penal Code (except in cases where the law permits forcible entry) (*People* v. *Arellano* (1966) 239 Cal.App.2d 389 [48 Cal.Rptr. 686]), neither probable cause nor consent are prerequisites for the search by a parole officer of the premises occupied by a parolee. (*People* v. *Hernandez* (1964) 229 Cal.App.2d 143 [40 Cal.Rptr. 100].)

## II

■ Since the trial in the case at bench occurred in August of 1966, the rules laid down in *Miranda* apply. However, since the case was after the *Miranda* decision had become known, the admissibility of statements secured without compliance with those requirements must be raised at the trial. In the instant case, not only was no objection made, but the statements were not offered by the prosecution and came into the case only by reason of questions asked by defendant counsel on cross-examination. The *Miranda* contention, thus, is not properly before us.

## III

■ As we have stated, the information charged defendant

with four prior narcotic convictions. The only evidence offered in support of that allegation was a group of certified records. But those records related only to the second, third and fourth of the priors alleged. There was no evidence supporting the finding that the first prior was true. That finding must be stricken.

■ Counsel also argues that the finding as to the fourth prior should also be stricken, on the ground that the exhibit fails to show that defendant was represented by counsel or that he had intelligently waived counsel in connection with that conviction. Since the point was not raised in the trial court, it cannot now be raised for the first time on this appeal.[1] (*People* v. *Merriam* (1967) 66 Cal.2d 390 [58 Cal. Rptr. 1, 426 P.2d 161]; *People* v. *Dabney* (1967) 250 Cal. App.2d 933 [59 Cal.Rptr. 243].)

The judgment is modified by striking therefrom the reference to the purported conviction, on May 22, 1941, of a violation of section 11160 of the Health and Safety Code; otherwise the judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[1]As illustrating the soundness of the *Merriam* rule, we note that our curiosity caused us to look at the superior court file in the case resulting in the fourth prior. That examination disclosed that, although the record as introduced fails to show the presence of counsel for defendant, the reporter's transcript of the arraignment for judgment does show that counsel was present and participated. Had the issue been raised in the trial court, that court could quickly have clarified the ambiguous record as introduced.