[Crim. No. 13139.   Second Dist., Div. One.   Dec. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. THEO JAY WHETSTINE, Defendant and Appellant.

Shirley A. Engel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of violating the provisions of section 10851, Vehicle Code, and an attempted appeal from an order denying a motion for a new trial.

In an information filed in Los Angeles on July 12, 1966, defendant was charged in count I with the grand theft of an automobile belonging to Jean B. Cain on or about June 15, 1966, and in count II with a violation of section 10851, Vehicle Code, in that he did between June 15, 1966, and June 17, 1966, feloniously drive and take an automobile belonging to Jean B. Cain, without her consent and with intent to deprive the owner of title to and possession of said car. A jury trial was waived and defendant was found guilty as charged. A motion for a new trial was denied and defendant was committed to the California Youth Authority. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: Miss Jean B. Cain was the registered owner of a 1966 Mustang automobile, license number STS 323. She parked her car in a parking lot in downtown Los Angeles at about 9:15 a.m., June 15, 1966. The parking lot attendant saw Miss Cain drive her car onto the lot. About 15 minutes later the attendant saw defendant standing about 3 feet from the Cain car and about 5 feet from him. While operating another car, the attendant saw defendant driving off in the Cain car. The attendant ran after the defendant and shouted to him to stop. The attendant called the police and gave them a description of defendant and the license number of the car. When Miss Cain arrived at the parking lot at about 5 p.m., she found that her car was not there. She had not given defendant any permission to take the car.

Two days later Officer Groller stopped defendant for a

traffic violation while defendant was driving the Mustang car. The officer started to make out a citation and when he got to that part of the ticket which sets forth the registered owner's name, he asked defendant if it was his car and defendant responded that it was his wife's car, Roger Rodriguez. The officer then looked at the temporary registration slip posted on the right side of the windshield and noted that the name of Jean B. Cain was on it. The officer then walked back to the vehicle he was driving, looked at the "hot sheet" of stolen cars and observed that the license number of the Mustang car was on the "hot sheet." The officer then advised defendant of his rights and placed him under arrest.

Appellant now asserts that the self-incriminating testimony was introduced in violation of the rule of *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. There is no merit to appellant's contention. First of all there was no proper objection to the receipt of the disputed testimony. It is appropriately stated in *People* v. *Smith,* 253 Cal.App.2d 299, 306-307 [61 Cal.Rptr. 457] ; "First, he argues that the statement which he made to Deputy Sheriff Evers after the crime was committed was improperly admitted into evidence because the prosecutor failed to show that he had been advised of his rights before he made the statement, as required by *People* v. *Dorado* [62 Cal.2d 338 (42 Cal.Rptr. 169, 398 P.2d 361)], and *Miranda* v. *Arizona,* [citation]. He admits that the statement was admitted into evidence without objection, but asserts that the court should have intervened to protect his constitutional rights. Appellant's contention is devoid of merit. The trial commenced May 24, 1966, more than one year after *Dorado,* and appellant's failure to object precludes his raising the *Dorado* rule for the first time on appeal [citation]. Moreover, the *Miranda* rule is not retroactive and is available only to one whose trial began after June 13, 1966 [citations].

"In any event, even if it is assumed *arguendo* that the statement was improperly admitted, we do not believe that an automatic reversal is required. To the contrary, we conclude that there is no reasonable possibility that a result more favorable to the defendant would have been reached if the statement had not been admitted [citation]. This follows because appellant's statement was primarily exculpatory for he denied any knowledge of the robbery and stated that the last time he saw Patterson on March 25, 1966, was when appellants left him off in Hanford sometime after 6 o'clock

p.m. Moreover, although he also admitted being with Patterson and appellant Smith during the afternoon hours of March 25th, this was not disputed. Appellant Smith fully corroborated Patterson's version of the afternoon happenings up to the time that Patterson was taken to Hanford around 6 o'clock p.m.''

Here there was no process of questioning designed to incriminate appellant for at the time of writing out the citation the officer did not know that the car belonged to Miss Cain, nor did he know that her name appeared on the temporary registration or that the car was listed on any ''hot sheet.''

Even if there be any error in the proceeding it is clear that there is no reasonable possibility that a result more favorable to appellant could have been reached had his statement not been admitted into evidence. (*Chapman* v. *California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].)

The judgment is affirmed. The attempted appeal from the order denying a motion for new trial is dismissed.

Wood, P. J., and Lillie, J., concurred.