[Crim. No. 6219.   First Dist., Div. Four.   Jan. 22, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD LEE CARMICAL, Defendant and Appellant.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Judith A. Ciraolo, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—After a trial by jury, defendant appeals from a judgment of conviction of two counts of felony: possession of heroin (Health & Saf. Code, § 11500) and possession of a concealable weapon by a felon (Pen. Code, § 12021). It is contended on appeal that the conviction rests upon illegally obtained evidence, that the evidence was insufficient as to the narcotic count, and that the judge erred in responding to the jurors' requests for further instructions and for the rereading of certain testimony. We have concluded that the only error made by the trial judge was not prejudicial.

On the afternoon of January 7, 1966, narcotic enforcement officers received information, through an anonymous telephone call, that appellant was in possession of "more heroin than he could swallow" at a certain address in Oakland. Going there to investigate, the officers at first lurked in places of concealment. After a time they saw appellant come outside and enter a vehicle parked in front. A few minutes later, while the officers were approaching appellant with the intention of questioning him, appellant took a pistol and holster from under his sweater and placed it on the seat of the car. The officers knew that appellant had suffered a prior conviction of felony; they therefore instantly arrested him for violation of Penal Code, section 12021. An immediate search of appellant's pockets produced a balloon containing a quantity of·

heroin. Other balloons, and milk sugar such as might be used in preparing heroin for sale, were found on appellant's person and in the trunk of his car.

Appellant testified that the pistol was not his, that he did not have it concealed on his person, and that he was only putting it in his car for a woman friend who wanted him to transport it to another place. He denied having any heroin in his pocket and accused one of the arresting officers of attempting to "plant" the contraband on him. He attempted to explain the presence of milk sugar (commonly used in diluting heroin) by explaining that he used it in preparing a non-narcotic dangerous drug for his own consumption. The jury found appellant not guilty of possessing heroin for sale but guilty of the included offense of possessing the drug. Appellant was also found guilty of being a felon in possession of a concealable weapon.

On appeal it is contended that appellant's arrest, the seizure of the pistol, the ensuing search, and the seizure of the narcotic contraband were unlawful. But this is not a case comparable to *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269 [294 P.2d 23], or *Gascon* v. *Superior Court* (1959) 169 Cal. App.2d 356 [337 P.2d 201], where the presence of contraband was disclosed when the suspect attempted to rid himself of it under threat of an immediate unlawful search. Here appellant himself testified that he was not aware of the officers' approach until after the gun had been placed in the car. Moreover, there was no evidence contradicting the testimony of the officers that they approached appellant without any intention of arresting or searching him unless probable cause fortuitously emerged. The officers were entitled to question appellant in the course of their investigation of the information they had received from the informant. (*People* v. *Stout* (1967) 66 Cal.2d 184, 191 [57 Cal.Rptr. 152, 424 P.2d 704] ; see also *People* v. *Jolke* (1966) 242 Cal.App.2d 132, 147 [51 Cal.Rptr. 171].) It is elementary that evidence produced in a search incidental to a lawful arrest is admissible. (*People* v. *Harris* (1965) 62 Cal.2d 681, 683 [43 Cal. Rptr. 833, 401 P.2d 225].)

The further contention that the evidence should have been suppressed because of physical brutality practiced by one of the officers (citing *Rochin* v. *California* (1952) 342 U.S. 165 [96 L.Ed. 183, 72 S.Ct. 205, 25 A.L.R.2d 1396]) is not supported by the evidence. The officer who actually made the arrest was not armed; he therefore moved very quickly

when he saw that appellant had a pistol. The officer did collide with appellant, but there is no evidence of brutality constituting a violation of due process.

A forensic chemist testified that the balloon found in appellant's pocket contained 15.17 grams of an adulterated mixture containing heroin, milk sugar, and some other unidentified substances. The chemist did not make a quantitative analysis and hence was unable to state the amount of pure heroin present in the powder. Citing *People* v. *Leal* (1966) 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], and *People* v. *McCarthy* (1966) 64 Cal.2d 513 [50 Cal.Rptr. 783, 413 P.2d 671], appellant argues that the evidence did not establish that he was in possession of an amount of narcotics "usable for sale or consumption." It is true that according to the chemist's testimony[1] the possibility exists that only traces of heroin were present in the mixture. However, Health and Safety Code, section 11500, under which appellant was convicted, does not specify any net amount of heroin which an accused person must be proved to have possessed in order to establish guilt. The Supreme Court emphasized in *People* v. *Leal, supra,* 64 Cal.2d 504, 506, that " [the statute] proscribes only the *knowing* possession of narcotics." The numerous cases reviewed in the *Leal* opinion in which convictions have been reversed where only traces of narcotic substances were proved to be in possession, all present circumstances where the accused might well have been unaware of the presence of any contraband. For example, in *People* v. *Cole* (1952) 113 Cal. App.2d 253, 262 [248 P.2d 141], the Court of Appeal in reversing a conviction declared, "It strains credulity to believe that [the defendant] knowingly left a single flake in his barber's kit or 12 scattered seeds in his car or a trace in an apparently empty tobacco can or knowingly transported these tiny quantities." And in *People* v. *Aguilar* (1963) 223 Cal.App.2d 119 [35 Cal.Rptr. 516], a conviction was reversed where proof of possession was only of minute crystalline incrustations of heroin upon two spoons. In contrast with these cases, here the heroin was part of a comparatively large volume of material contained in a balloon in appellant's pocket. In the opinion of one of the officers, the volume was sufficient to indicate that it was possessed for purposes of sale. Milk sugar, one of the components of the mixture, is com-

---

[1]"I didn't run a quantitative determination on the material. I don't know the exact amount of heroin that was present."

monly used to "cut" heroin, in preparation for sale. These circumstances reasonably suggest an inference that appellant knowingly possessed the contraband. We do not take the *Leal* decision to mean that whenever heroin is possessed in a form that is not chemically pure it is incumbent upon the prosecution to introduce in evidence the results of a quantitative chemical analysis.

■ After the jury had deliberated for a time, they requested a reading of the testimony of two officers "as to where the police cars were parked and when they first saw the gun and the direction of the police cars were coming as to location of the Carmical car." It was, of course, the judge's duty to assist the jury in this regard. (Pen. Code, § 1138.) After consulting with both counsel in chambers regarding this and other requests made by the jury, the judge caused to be read a portion of the testimony given on direct examination by one of the officers. The extensive cross-examination of that officer was not read; neither was a brief, relevant passage appearing in the testimony of the other officer. It appears that the latter omission was inadvertent—the judge declared that he could not find it, and had no recollection of it. This mistake was apparently shared by defense counsel, who participated in the conference in chambers and did not ask the judge to have any additional portions of the testimony read. The other officer actually testified: "And I was coming, passing him in my vehicle." But these few words of testimony were scarcely responsive to the jury's inquiry and in any event had no direct bearing on any issue before them. We find, upon reviewing all the passages pointed out by appellant, that the portions selected by the trial judge clearly and fairly epitomized the testimony concerning the points which the jury was interested in. It would not have been helpful to the jury to require them, in response to their question, to hear read the entire repetitious and disjointed course of the direct examination and cross-examination of the two witnesses. We therefore find no prejudicial error in the court's handling of the situation.

■ After further deliberation, the jury returned to court and the foreman informed the judge that a verdict had been reached on one count. The foreman reported confusion regarding the verdict forms applicable to the narcotic count where, under the evidence, a finding of guilt of the included offense of possession (not for purposes of sale) was a possibility. A brief colloquy followed, which may have been clear to the

participants but reads obscurely in the transcript. Then, after a further conference in chambers with both counsel, the judge clarified the position by reading an instruction which correctly reviewed the relationship between the included offense and the greater offense alleged in the information. Appellant contends that the judge's extemporaneous statements, coupled with the further instruction, had the effect of coercing the jury to find appellant guilty of the included offense rather than return a verdict of not guilty (citing *People* v. *Sarazzawski* (1945) 27 Cal.2d 7 [161 P.2d 934]). But the judge's remarks were most restrained; they contained no hint of any opinion he may have held on the merits of the case. Moreover, the supplemental instruction ended with the admonition that "you could find him guilty of possession only if there is any evidence to convince you beyond a reasonable doubt of his guilt of the lesser included offense, to-wit, possession." Defense counsel made no objection and did not offer any supplemental instructions which he may have thought ought to have been given in response to the jury's questions. We find no error in the instruction.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied February 21, 1968, and appellant's petition for a hearing by the Supreme Court was denied March 20, 1968.