[Crim. No. 13250.   Second Dist., Div. One.   Mar. 29, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD BLACK, Defendant and Appellant.

Sanford Levenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of burglary.

In an information filed in Los Angeles on August 4, 1966, defendant was charged with a codefendant with burglarizing a building on July 13, 1966. It was further charged that at the time of the commission of the offense, the defendants were armed with a deadly weapon, namely a .38 caliber revolver. By stipulation the cause was submitted upon the testimony contained in the transcript of the preliminary hearing together with certain exhibits. Each of the defendants was

found guilty as charged and the degree was fixed as second degree. The defendants were found to be unarmed. Black was sentenced to the state prison. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: Officers Mills and Roost were on patrol duty at about 11:05 p.m. July 13, 1966, when they had occasion to go to an address on Lankershim Boulevard in North Hollywood. When they arrived at the front of the store they saw that the plate glass window to the left of the front door was shattered and that a piece of lumber about 2″ x 4″ x 3 feet in length was lying among the broken glass.

Mills made his way through certain displayed revolver holsters and belts in the store window, entered the main part of the store and walked to a gun showcase where he noticed that the glass had been broken and several guns had been taken. Upon retracing his steps, Mills noticed a box containing several guns on a display stand. Mills exited from the building through the broken window, called to Roost to bring a shotgun and come with him to join in a search of the building. As the officers stepped into an aisleway between the display racks in the store they came upon Black standing with his hands in the air. Black was then handcuffed, and taken to the police car where a search revealed two boxes of ammunition in his pants pockets. Mills told Black of his constitutional rights as of that date and Black replied, ''I know, I know.''

Black related that he had a ''beef'' with a man in a bar and that he was getting an ''equalizer''; that he had walked to the store and had broken out the window.

Other officers were called to assist and the codefendant Ortega was found in the store squatting under some raingear. Two guns were removed from the waistband of his trousers. Mills found the gun used by Black, which was one of the guns missing from the case, cocked and loaded with ammunition, about 2 feet away from where Black was first observed.

Later at a police station Black said that he had a loaded gun and had drawn a bead on the first officer who had entered the store, but had not shot because he did not know whether he had .38 caliber or .32 caliber ammunition in the gun, that when he heard Mills call to Roost to come in with a shotgun, he, Black, decided not to use the gun and to surrender.

The store manager stated that neither of the defendants had permission to enter the store.

Appellant now asserts that he was not properly informed of

his rights under *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed. 2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], that the statements he made must have been coerced and that the evidence is not sufficient to support the judgment.

 No objection was made to the introduction of the testimony now under scrutiny. The preliminary hearing was had on July 21, 1966, and the trial was on September 23, 1966, after the *Miranda* decision was made. Objection should have been made at the trial if the testimony was deemed to be improper. (*People* v. *Whetstine,* 257 Cal.App.2d 256, 258 [64 Cal.Rptr. 775]; *People* v. *Castro,* 257 Cal.App.2d 643, 645-646 [65 Cal.Rptr. 62]; *People* v. *Taylor,* 253 Cal.App.2d 574, 577 [61 Cal.Rptr. 638].)

In any event the record discloses that Mills properly advised appellant and satisfied the requirements of *Miranda.* Substantially the same contention was raised in *People* v. *Thomas,* 65 Cal.2d 698, 705 [56 Cal.Rptr. 305, 423 P.2d 233], and rejected.

There is no evidence to indicate in the slightest that Black's admissions were not freely and voluntarily made or that any coercion was exerted upon him.  Indeed he was caught in the act by alert policemen and only by a strange circumstance was it that at least one of the officers was not killed.

The evidence of guilt is overwhelming.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.