[Crim. No. 7108.   First Dist., Div. Three.   Jan. 13, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN L. SMITH, Defendant and Appellant.

Neri Ramos, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Lawrence R. Mansir, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (H.C.), J.—Defendant pleaded not guilty to a charge of assault with intent to commit murder (Pen. Code, § 217). The jury returned a verdict of guilty of assault with a

deadly weapon (Pen. Code, § 245, subd. (a)), a lesser and included offense. This appeal followed.

We have examined the record and find that defendant's claims of error in the admission of statements, in the search of his person, and in the instructions, are without merit.

Defendant argues that he is entitled to a reversal because certain statements made prior to having been warned of his constitutional rights were erroneously admitted into evidence. The search and the statements referred to were made under the following circumstances:

On the morning of September 28, 1967, Samuel Daniels, the business agent for the Miscellaneous Culinary Employees Union, was at his office conversing with a friend, Jerry Harper. The defendant entered the office with a gun and fired three shots, all entering Daniels' body. Later that morning defendant approached Police Officer James Toliver who was on duty in the vicinity of Seventh and Folsom Streets in San Francisco and asked to talk to him. Toliver told him to go ahead. Defendant said, "I just shot a man." Officer Toliver, after verifying the shooting, placed defendant under arrest. He then advised him of his constitutional rights and searched defendant, whereupon he discovered one live and one spent .38 caliber shell. Defendant stated that he left the revolver by a telephone booth in a service station near the union's office. Later, when defendant was informed that Daniels was still alive, he said, "Take me back and I'll finish the job."

The only statement made by defendant to the police which was made before he was warned of his right to remain silent and his right to counsel was the statement, "I just shot a man." Nowhere in the reporter's transcript is it suggested that the statement was made in response to any interrogation by Officer Toliver or after defendant was taken into custody. Defendant himself testified that he approached Officer Toliver. The admonishment requirements of *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], are not applicable to volunteered statements of this nature.

"There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." (P. 478 [16 L.Ed.2d at p. 726].)

The other statements made by defendant to the police

were not subject to the exclusionary rule of *Miranda* because the warnings required by *Miranda* were given before the statements were made. Officer Toliver told him that "any statements that he might make will and can be used against him in court" and "that he didn't have to make any statements to me. That he had the right to counsel, a lawyer, and if he didn't have money to afford a lawyer the City would provide one for him."

There clearly was no error in admitting the defendant's statements under the circumstances. It is further observed that defendant failed to object to the introduction of the statements at trial and for this reason is also precluded from now raising this issue on appeal. (*People* v. *Black,* 260 Cal. App.2d 646, 648 [67 Cal.Rptr. 360]; *People* v. *Whetstine,* 257 Cal.App.2d 256, 258 [64 Cal.Rptr. 775]; *People* v. *Castro,* 257 Cal.App.2d 643, 645-646 [65 Cal.Rptr. 62]).

Defendant also argues that he was coerced into making the damaging statement, "Take me back and I'll finish the job," but the record to the contrary shows that there was no coercion and that it was voluntarily made.

■ Defendant asserts that the search of his person was illegal. A search without a warrant is proper if it is incident to a lawful arrest based on reasonable cause to believe that the accused has committed a felony. Officer Toliver was informed by defendant that he had just shot a man. He reasonably had the right to believe him or at least to entertain a strong suspicion that the defendant was confessing to his guilt and, having lawfully arrested defendant, was entitled to search him. (*People* v. *Harris,* 62 Cal.2d 681, 683 [43 Cal.Rptr. 833, 401 P.2d 225]; *People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823].)

■ Defendant's contentions that the use of prior inconsistent statements for impeachment was a violation of his Fifth Amendment privilege against self-incrimination and that there was error in the instructions are also without merit. The rule that defendant's testimony may be impeached by prior inconsistent statements is well established. (*Brown* v. *United States,* 356 U.S. 148, 154-155 [2 L.Ed.2d 589, 596-597, 78 S.Ct. 622, 72 A.L.R.2d 818].)

■ Relative to the instructions, the jury was properly and clearly instructed on the question of burden of proof and reasonable doubt and all other questions of law. The contention that the jury was not given additional instructions in accordance with Penal Code section 1138, i.e., that the jury,

during deliberation, if in doubt on a question of fact or law, had the right to be returned to the courtroom for further instruction, is not borne out by the record. There is no evidence for this court to consider of a violation of the section. The record shows that the jurors were aware of this right. They did return to the court room and were given further instructions, after which they were returned to the jury room and completed their deliberations and returned the verdict of guilty.

There being no error, the judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.