[Crim. No. 3568.  Fourth Dist., Div. One.  Mar. 17, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS PATRICK CHRISTIAN CASE, Defendant and Appellant.

Frank L. Williams, Jr., Public Defender, and James R. Goff, Deputy Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ivan Hoffman, Deputy Attorney General, for Plaintiff and Respondent.

AULT, J. pro tem.*—Appellant was charged with selling a dangerous drug (methamphetamine) in violation of section

*Assigned by the Chairman of the Judicial Council.

11912 of the Health and Safety Code. He waived trial by jury and was found guilty by the court. Probation was denied and he was sentenced to state prison for the term prescribed by law. He appeals from the judgment of conviction. ■ His sole contention is that the evidence was insufficient to establish that a useable quantity of the drug was sold.

The packet containing the drug sold was introduced at the trial. It was stipulated that if a qualified chemist were called as a witness, he would testify that the packet contained the drug methamphetamine. The undercover police officer who made the purchase from appellant was the only witness at the trial. He testified that he paid the appellant $5.00 for the packet of the drug; that what he purchased was commonly called in the narcotic trade a "five-penny" or "nickel" bag, and that it contained approximately one-eighth gram. He further stated that he had on other occasions observed drug users taking methamphetamine and that there was sufficient in the packet to "hit" or "get off" approximately four to five times. He defined "hit" as meaning an injection into the vein and "getting off" as the feeling derived from injecting the drug. No evidence was introduced concerning the quality or strength of the drug contained in the packet.

Under the circumstances involved, the stipulation that the packet contained methamphetamine, together with the testimony of the undercover police officer, amply support the trial court's implied finding that a useable quantity of the drug was sold.

It is to be noted that we are not dealing with the crime of possession. Here we have a sale of a drug in a quantity regularly dealt with by the illegal market. The packet did contain methamphetamine and the very fact that appellant sold it for $5.00 in a market transaction indicates his view then that a useable amount was involved. The transaction itself constitutes some evidence that the drug contained in the packet was a useable amount. (*People* v. *Blackshear,* 261 Cal.App.2d 65, 67 [67 Cal.Rptr. 662].)

Appellant relies heavily on *People* v. *Leal,* 64 Cal.2d 504, 512 [50 Cal.Rptr. 777, 413 P.2d 665], wherein it is stated:

"We conclude that the statutory differentiation of the various crimes as well as the history of the cases culminating in *Sullivan* show that in penalizing a person who possesses a narcotic the Legislature proscribed possession of a substance that has a narcotic potential; it condemned the commodity that could be used as such . . . Hence the possession of a

minute crystalline residue of narcotic useless for either sale or consumption, as *Sullivan* points out, does not constitute sufficient evidence in itself to sustain a conviction.''

*Leal* is a possession case, not one involving a sale transaction. Moreover, *Leal* and the cases cited therein all have reference to situations where a mere trace, a few flakes, or an insignificant residue of a narcotic substance, almost undetectable except to scientific measurement, were involved. It should not be interpreted as meaning, as appellant here contends, that where a sale of a substance containing a drug sufficient in volume to constitute a regular and common illicit market transaction is proved, the prosecution must further establish the narcotic potential of the substance by a quantitative chemical analysis. (*People* v. *Carmical,* 258 Cal.App.2d 103, 108 [65 Cal.Rptr. 504].)

By its terms, section 11912 of the Health and Safety Code does not require that any particular amount of the banned drug be sold to constitute a violation. The sale of *any* drug is prohibited. In that respect, it is similar to section 11500 which condemns possession. It has only been when this latter section has been used, or sought to be misused, to charge possession of infinitesimal amounts of a narcotic that the courts have been concerned with the requirement that proof be made of the narcotic potential of the substance involved. (See *People* v. *Leal, supra,* 64 Cal.2d 504, and cases cited therein.)

By the very nature of things, sale transactions do not involve infinitesimal traces and unuseable residues. Where a sale is made and the substance sold is proved to be or to contain an illegal drug, and is in sufficient volume to have regular demand and use on the illegal market, we think there is adequate proof that the statute has been violated.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.