[Crim. No. 14657.   Second Dist., Div. Five.   Apr. 2, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. EDDIE JOE BROWN, Defendant and Appellant.

H. Clay Jacke for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—Defendant was charged by information with possession of marijuana, in violation of Health and Safety Code section 11530. A prior burglary conviction was also alleged. Defendant pleaded not guilty to the charges and waived jury trial. The matter was submitted on the transcript of the preliminary hearing of June 20, 1966, with each side reserving the right to offer additional evidence. Defendant

testified on his own behalf. Defendant was found guilty of the charge of possession of marijuana, but the alleged prior conviction was found not to be true. Defendant was found to be in violation of his probation, which had been granted in another conviction of burglary. After a diagnostic study pursuant to Penal Code section 1203.03, the court denied probation and sentenced defendant to state prison for the term prescribed by law, such sentence to run concurrently with that imposed on the revocation of probation. Defendant appeals from the judgment.

On June 13, 1966, at approximately 10:45 p.m., two uniformed police officers on foot patrol observed defendant sitting behind the wheel of a car parked at the end of a supermarket parking lot. The motor was not running, the car windows were closed, and the car lights were off. The market had been closed for over an hour. The officers had been assigned to the area for some time and were aware of the complaints of persons drinking liquor on the lot, throwing bottles on the sidewalk, and "other criminal activity" in the area. The officers proceeded to walk through the lot towards the car. They noticed a whiskey bottle lying on the ground below and just outside the door of the car on the driver's side. When they were about 15 or 20 feet from the door, defendant turned his head and appeared to look at them. Defendant then suddenly bent down in the front seat, as though to hide a bottle, lying with his left side out of sight and in the darkness of the car for three or four seconds. The officers walked to the door, and the defendant was still bent over in the front seat. One of the officers then knocked on the door to attract defendant's attention. Defendant noticed the officer and sat up. The officer asked him to roll down the window of the car. As the window was electrically operated, the car key had to be used to turn on the ignition. Defendant fumbled for the key, and the officer shined his flashlight in the car so defendant could find the ignition. Defendant then turned the ignition on and lowered the window. When the window was down, the officer observed heavy smoke in the car and smelled the odor of burning marijuana. The officer testified that he had had previous experience in smelling this odor.

Next, the officer asked defendant to step outside the car, and defendant did so. When the car door opened, the inside car lights went on, and the vehicle's interior was illuminated. The officer then observed numerous filter-type cigarettes in the car. He also observed a partially smoked, hand-rolled cigarette

lying on the hump on the front floor of the car. The officer formed the opinion that this was a marijuana cigarette. He called defendant and the other officer over to observe his find. In response to a question by one of the officers, defendant said the car was his. After this admission, defendant was advised of his constitutional rights. It was later established at trial that the car did not belong to defendant, but that it was borrowed from a friend.

The officer questioned defendant about the cigarette and then picked it up. (At trial it was proved to be marijuana.) At this time the second officer observed a slight amount of debris at the corner of defendant's mouth, and asked defendant to open his mouth, which he did. The officer testified he saw some greenish-brown leafy material inside, and to the officer, this meant that defendant had possibly eaten a marijuana cigarette. The officer was not able to examine the material, however, to ascertain its nature.

Defendant first contends that there was insufficient evidence to support the trial court's finding that there was reasonable cause for the police officers to investigate, search, and detain defendant. We recognize the right of the police to investigate if the circumstances reasonably indicate investigation is necessary. In *People* v. *Mickelson*, 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658], our Supreme Court held "that circumstances short of probable cause to make any arrest may still justify an officer's stopping pedestrians or motorists on the street for questioning. If the circumstances warrant it, he may in self-protection request a suspect to alight from an automobile or to submit to a superficial search for concealed weapons." This case recognizes that circumstances short of probable cause may often necessitate immediate investigation, and confirmed the broad powers of police officers to investigate suspicious persons on the street. Further, the United States Supreme Court in *Terry* v. *Ohio*, 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868] and our Supreme Court in *People* v. *Curtis*, 70 Cal.2d 347, 358 [74 Cal.Rptr. 713, 450 P.2d 33] have distinguished between the "reasonable cause" sufficient for an investigation or stop and frisk, and the "probable cause" required for an arrest.

The record in the present case shows ample facts which would constitute "reasonable cause" to justify the initial investigation by the patrolmen. Defendant's presence in a parked car late at night on the lot of a closed market in an area where the police had received complaints of criminal

activity, and the presence of a liquor bottle lying next to the car, made investigation reasonable. Also, defendant's peculiar behavior of bending down suddenly toward the seat of the car after seeing the officers approach added to the reasonableness of the action of the officers in inquiring of defendant who he was and what he was doing. We thus conclude that it was proper for the police to approach defendant's car, knock on the window to attract his attention, and ask defendant to roll down the window.

When defendant complied with the request to roll the window down, the officers smelled the odor of burning marijuana, and saw a thick cloud of smoke. The combination of both the odor and observable smoke established the fact of marijuana use. (*People* v. *Langley*, 182 Cal.App.2d 89, 91 [5 Cal.Rptr. 826].) The fact that the smoke was produced by burning marijuana rather than ordinary tobacco was within the expertise of the officers. (*People* v. *Gann*, 267 Cal.App.2d 811, 812-813 [73 Cal.Rptr. 502].) One officer then asked defendant to get out of the car, which defendant did. When the door was opened and the interior lights went on, the marijuana cigarette was then exposed to the plain view of the officer. This discovery was not a product of a search. "A search implies a prying into hidden places for something that is concealed, something that has been intentionally put out of the way." (*People* v. *Alvarez*, 236 Cal.App.2d 106, 112 [45 Cal.Rptr. 721].)[1] Even had the discovery been a product of a search, the search preceding the arrest is not illegal since it appeared that a felony was being committed in the presence of the officers.[2]

Next, defendant argues that after the police had seen the marijuana cigarette and the investigation had focused on him, he made a damaging admission that the car was his. This admission was in response to questioning by the officers. It was only then that his rights under *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] were explained to him. The record shows, however, that no objection was made to this admission by defense counsel either at the preliminary examination or at the trial. Accord-

[1]The instant case is not controlled by the recent case of *People* v. *Marshall*, 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665], for here the officers relied on observable smoke along with the odor, and with adequate probable cause to arrest, a search would have been lawful.

[2]Health and Safety Code section 11556 states: "It is unlawful to visit or to be in any room or place where any narcotics are being unlawfully smoked or used with knowledge that such activity is occurring."

ingly, defendant is .precluded from raising this issue on appeal. (*People* v. *Black,* 260 Cal.App.2d 646 [67 Cal.Rptr. 360]; *People* v. *Castro,* 257 Cal.App.2d 643 [65 Cal.Rptr. 62]; *People* v. *Whetstine,* 257 Cal.App.2d 256 [65 Cal.Rptr. 775]; *People* v. *Taylor,* 253 Cal.App.2d 574 [61 Cal.Rptr. 638].) In any event, the admission adds substantially nothing to the prosecution's case since it was later proved that the car was not in fact his. The facts disclose that defendant, alone in a closed car, had possession and knowledge of the marijuana cigarette. ▮ Elements of exercised dominion and control over the narcotic, knowledge by defendant of its presence, and knowledge by defendant of its narcotic character may be proved by circumstantial evidence and reasonable inferences therefrom. (*People* v. *Waller,* 260 Cal.App.2d 131 [67 Cal. Rptr. 8].)

Finally, defendant argues that the trial court abused its discretion when it denied defendant's request for probation. ▮ It is well established that the placing of defendant on probation rests in the discretion of the trial judge, and a heavy burden is imposed upon a defendant to show abuse of discretion in denial of a request for probation. (*People* v. *Herd,* 220 Cal.App.2d 847 [34 Cal.Rptr. 141].) ▮ Defendant's only offering to support his request is a favorable report from his former probation officer. Considering the many material facts in evidence which were known and considered by the court tending to disfavor probation, it cannot be said that as a matter of law the court abused its discretion. Defendant here has failed to carry the burden of showing any abuse of discretion.

The judgment is affirmed.

Kaus, P. J., and Reppy, J., concurred.