[Crim. No. 3796. Fourth Dist., Div. One. May 22, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES SCOTT KILBORN, Defendant and Appellant.

**COUNSEL**

J. Tony Serra for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gil T. Siegel, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**AULT, J.**—By information, appellant James Scott Kilborn was charged in count I with possession of restricted dangerous drugs (Health & Saf. Code, § 11910), in count II with possession of restricted dangerous drugs for sale (Health & Saf. Code, § 11911) and in count III with transporting restricted dangerous drugs (Health & Saf. Code, § 11912). He entered

a plea of not guilty to the charges and was convicted by a jury of all three counts. The trial judge sentenced him to prison for the term prescribed by law on each count and ordered the sentences to run concurrently. Kilborn appeals from the judgment of conviction.

On March 10, 1969, at approximately 6 p.m., the San Diego County Sheriff's Office was notified Kilborn had been robbed in the back county area of San Diego and taken to Alpine where he was without transportation. He was picked up by a deputy sheriff and driven to the sheriff's substation in El Cajon. There he reported he had been robbed of more than $7,000 by two men from whom he had arranged to buy marijuana. He revealed he had flown from Seattle to San Diego a week earlier and purchased 30 kilos of marijuana from the same two men. On March 10, he had again flown to San Diego, rented a car and had registered at the Travelodge Motel located at 10th and "A" Streets in San Diego. That afternoon he cashed a $7,000 cashier's check at the main office of the Bank of America and made contact by telephone with the two men, whom he identified as Terry and Mike. They came to the motel to meet Kilborn, stated it was a bad place to deliver the marijuana, but would take him to their place in the country to get it. He went with them in Terry's car to the rural area near Alpine where, at gun point, he was relieved of his wallet containing in excess of $7,000. He was later given a ride to Alpine by a passerby, who telephoned the sheriff's office.

Kilborn was questioned in the sheriff's substation for over an hour. At approximately 8:30 p.m., at his request, he was taken by two deputy sheriffs from El Cajon to his motel room in San Diego. They had been instructed by a superior officer to search the room for narcotics. The deputies entered the room, which had been left unlocked, with Kilborn. With his consent, they searched the room and its contents. Kilborn had brought three empty footlockers from Seattle in which to return the marijuana he hoped to buy. Nothing was found in the footlockers. However, when his small personal suitcase was opened, it contained a small box. The officer asked appellant if he might open the box and examine the contents. Appellant indicated he might do so, stating he had never seen the box before and that it had not been in his suitcase when he left the motel. When the deputy opened the box, he found two plastic bags which contained 196 pills. These later proved to be LSD. The officer asked Kilborn what the pills were, and he answered they "looked like LSD." He explained he knew nothing about the pills which were found, but they looked similar to LSD pills he had purchased another time in San Francisco. Appellant was then arrested and advised of his constitutional rights as required by *Miranda*. The charges filed against appellant all related to the LSD tablets found in his motel room.

Except for the transportation count, which will be discussed later, appellant makes no contention the evidence is insufficient to sustain the judgment. ■ He claims the trial court erred in receiving into evidence his damaging statements to the police, admitting his serious involvement with narcotics, because he had not been advised of his constitutional rights under *Miranda* at the time he made them. We need not reach or discuss the contention on the merits. No objection was made to the statements at trial on *Miranda,* or other, grounds. The objection is deemed to have been waived, and appellant is precluded from raising the issue on appeal. (*People v. Black,* 260 Cal.App.2d 646, 648 [67 Cal.Rptr. 360]; *People v. Brown,* 271 Cal.App.2d 391, 395-396 [76 Cal.Rptr. 568]; *In re Dennis M.,* 70 Cal.2d 444, 462 [75 Cal.Rptr. 1, 450 P.2d 296].)

■ Appellant's contention the trial court erred in admitting into evidence his statement the pills "looked like LSD" before the prosecution established the corpus delicti of the crimes charged against him, is likewise without merit. ■ Order of proof is a matter within the trial court's discretion (Evid. Code, § 320), and while it is better practice to require prima facie proof of the corpus delicti before admissions are received, failure to do so is not ground for reversal unless it clearly appears the defendant is prejudiced thereby. (*People v. Bianchino,* 5 Cal.App. 633, 637-638 [91 P. 112]; *People v. Hudson,* 139 Cal.App. 543, 545 [34 P.2d 741].)

■ In the instant case, the only proof lacking to establish the corpus delicti of the crimes of possession and possession for sale, when appellant's admission was received, was proof the pills were in fact LSD. That was supplied later by the uncontradicted testimony of a competent chemist. The variation in the order of proof cannot be said to have prejudiced appellant in any manner. Furthermore, he raised no objection to the statement when it was received in evidence which is sufficient reason to preclude consideration of the issue on appeal. (*People v. Payne,* 1 Cal.App.3d 361, 365 [81 Cal.Rptr. 635].) Had the objection been made at trial, it is apparent the People could have reached the same result by the simple procedure of rearranging the order of proof.

■ Kilborn's contention the prosecution presented no substantial evidence to support his conviction of transporting restricted dangerous drugs is well taken. To transport means to carry or convey from one place to another. (*People v. One 1941 Cadillac Club Coupe,* 63 Cal.App.2d 418, 421 [147 P.2d 49]; Black's Law Dictionary (4th ed. 1951).) While the evidence showed the LSD tablets were found in appellant's suitcase in his room, the prosecution presented no evidence he carried or conveyed them from any place, to any place at any time. ■ Evidence of unlawful pos-

session is not evidence of transportation. (*In re Chaus*, 92 Cal.App. 384, 389 [268 P. 422]; *People* v. *Coleman*, 100 Cal.App.2d 797, 801 [224 P.2d 837].)

■ The crux of the crime of transporting is movement of the contraband from one place to another. The prosecution had the burden to present evidence bearing on this requirement and connecting appellant with it. The Attorney General has presented no case in which a conviction for transportation has been upheld under similar circumstances. ■ The vice of the argument the pills found in appellant's possession must have been transported there in some manner, ergo, appellant transported them, is it substitutes speculation and conjecture for competent proof. Carried to its logical conclusion, the argument would permit conviction for transporting in any case where possession is proved. We do not believe this to be the purpose or intent of the statute forbidding transporting drugs. That statute, properly applied, serves a useful purpose in the legislative scheme outlawing drugs. Reprehensible as appellant's admitted involvement with drugs and narcotics may be, that fact cannot justify a misuse of the statute to bring about an additional conviction where the evidence falls short and proves only crimes of possession.

■ Appellant also correctly asserts his conviction of possession of restricted dangerous drugs (count I) cannot stand. That conviction was obviously a conviction of a lesser offense included either in the charge of possession for sale (count II), or in the charge of transportation (count III). (*People* v. *Grant*, 1 Cal.App.3d 563, 571 [81 Cal.Rptr. 812]; *People* v. *Clay*, 273 Cal.App.2d 279, 285 [78 Cal.Rptr. 56]; *People* v. *Johnson*, 5 Cal.App.3d 844 [85 Cal.Rptr. 238].)[1] He cannot be convicted of both the greater and the lesser included offense. (*People* v. *Grant, supra*, 1 Cal.App.3d 563, 571; *People* v. *Clay, supra*, 273 Cal.App.2d 279, 285; *People* v. *Cole*, 113 Cal.App.2d 253, 257 [248 P.2d 141].)

The proper appellate procedure, under the circumstances, is to reverse the conviction of the lesser offense (possession) and to permit the conviction of the greater offense (possession for sale) to stand. (*People* v. *Grant, supra*, 1 Cal.App.3d 563, 571.)

The judgment is reversed as to count I (possession of restricted dangerous

---

[1]Since we reverse the transportation count on other grounds, the contention possession is a lesser included offense of transportation becomes moot. The result reached also makes it unnecessary to consider appellant's contention he has been doubly punished.

drugs), and count III (transporting restricted dangerous drugs); it is affirmed as to count II (possession of restricted dangerous drugs for sale).

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied June 10, 1970, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied July 16, 1970.