Filed 6/14/16  P. v. Wilcox CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079721 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042962) |
| v. | |
| JASON THOMAS WILCOX, | |
| Defendant and Appellant. | |

Defendant Jason Thomas Wilcox pleaded no contest to receipt of stolen property having a value exceeding $950 (Pen. Code, § 496, subd. (a)),[1] and the trial court imposed a two-year middle term.  On appeal, defendant argues the court abused its discretion in denying probation and a split term.  We disagree and affirm.

## I.  BACKGROUND

In April 2015, defendant was discovered with a cache of stolen items taken from a stolen car.  These items included a GPS navigation device, a digital camera, an MP3

---

[1] Undesignated statutory references are to the Penal Code.

1

player, sunglasses, clothing, and other equipment. He pleaded no contest to receiving stolen property with a value over $950. (§ 496, subd. (a).) A separate count for second degree burglary of a vehicle was dismissed with a *Harvey* waiver.[2]

Defendant had three prior convictions. In 2001, he was convicted in Washington State of "possession without a prescription" of marijuana, a felony. In 2013, he was convicted in Oregon of fourth degree assault, a felony. And in 2014, he was convicted in California of second degree burglary, a misdemeanor.

When he committed his current offense, he was on probation in both Oregon and California. His Oregon probation officer reported defendant had not complied with the terms and conditions of his probation. Specifically, when he left Oregon for California, he failed to notify his probation officer. He had also failed to report to probation several times and missed court dates.

At his sentencing in this case, defendant requested probation and asked to serve it in Oregon, where he was receiving mental health treatment.

In denying probation, the trial court noted: "I think it's ironic that he absconded from probation in Oregon and wants to be placed on probation here and do it in Oregon." The court then found defendant statutorily ineligible for probation: "He is eligible only under [section ]1203[ subdivision](e)(4), unusual circumstances." But the court continued: "Even if he were not statutor[ily] ineligible, probation would be denied based upon defendant's prior record of criminal conduct, indicating a pattern of regular criminal conduct. Again, he was on probation in Oregon on a felony [domestic violence] case . . . . [¶] . . . In Mendocino, he's also on probation on a burglary case."

The court then imposed a two-year middle term. It noted several factors in aggravation and none in mitigation: "[H]is convictions as an adult are numerous. He has

---

[2] See *People v. Harvey* (1979) 25 Cal.3d 754.

served a prior prison term.  He was on probation at the time it was committed.  I can identify no circumstances in mitigation."

The court continued, "and for the same reason under [California Rules of Court, rule] 4.415, the Rule, he'll be on supervised probation in Oregon, and, therefore, the Court is going to deny the split sentence." [3]

## II.  DISCUSSION

A.    *The Trial Court Acted Within its Discretion in Denying Probation*

Defendant contends the trial court abused its discretion in denying probation.  He points out that the court was mistaken when it concluded he was statutorily ineligible for probation, a point on which the People agree.  And defendant argues the court relied on several erroneous factors:  (1) defendant had served a prior prison term; (2) there were no circumstances in mitigation; and (3) defendant's "convictions as an adult are numerous."  We conclude that probation was properly denied.

" 'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.'  [Citation.]"  (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.)  A defendant bears a heavy burden to show abuse of discretion in a denial of probation.  (*People v. Brown* (1969) 271 Cal.App.2d 391, 396.)  An appellate court should only interfere in " 'a very extreme case.' "  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)  Here, the trial court acted within its discretion.

The trial court's mistaken belief that defendant was statutorily ineligible was harmless.  Section 1203 renders a defendant ineligible for probation (absent unusual circumstances) if he has been twice previously convicted of a felony in California, or in another state if that offense would be punishable as a felony in California.  (§ 1203, subd.

---

[3]  Undesignated rule references are to the California Rules of Court.

(e)(4).)  One of defendant's two prior felonies was for possession of marijuana in Washington State, in 2001.  But in California in 2001, that offense would have been punishable as a misdemeanor.  (See Health & Saf. Code, § 11357, subd. (c); Stats. 1983, ch. 434, § 1.5, p. 1721, operative Jan. 1, 1984.)  Thus, as the People concede, defendant was not statutorily ineligible for probation.  That error was, nevertheless, harmless as the trial court made abundantly clear:  "Even if he were not statutor[ily] ineligible, probation would be denied based upon defendant's prior record . . . ."

Similarly, the trial court's misstatement that defendant "has served a prior prison term" was harmless.  Defendant has not, in fact, served a prison term (though he served jail terms in 2001 and 2014).  The misstatement was offered in support of imposing a two-year middle term—which defendant does not challenge on appeal.  And even if the trial court had relied on that misstatement in denying probation, we could not see the error affecting the outcome in light of defendant's prior criminal history, two current probation terms, and his poor performance on probation.[4]  (See *People v. Downey, supra,* 82 Cal.App.4th at p. 917 [trial court's reliance on an improper sentencing consideration is harmless if there is no reasonable probability that a more favorable result would have occurred absent the error].)

The finding of "no circumstances in mitigation," did not render the exercise of discretion arbitrary or capricious.  Defendant argues that his current offense was not more serious than other instances of the same crime.  He argues that he did not use a weapon, he did not demonstrate sophistication or professionalism in committing it, and he showed remorse and admitted guilt at an early stage.[5]  He also claims that he did not prey on a

---

[4]  For the same reason, had defendant challenged imposition of the middle term, we would find no merit.

[5]  Defendant, however, told probation someone else took the goods from the victim's car. He claims he bought some of the stolen goods for $5 from someone, without knowing they were stolen.  And that someone, without defendant knowing, put the remainder of

4

particularly vulnerable victim, and the victim did not suffer monetary loss. First, the trial court's statement that it could "identify no circumstances in mitigation" was offered in support of imposing the middle term—not denying probation. And second, those putative factors defendant identifies hardly push the needle in terms of rendering the exercise of discretion arbitrary or capricious.[6] (See *People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1530-1531 ["even if there were several mitigating factors that might weigh in favor of probation, this does not necessarily mean that the trial court abused its discretion in deciding against granting probation"].)

Finally, we find no merit in defendant's challenge to the trial court's characterization of his past three convictions as "numerous."[7] (See *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [finding three convictions "numerous" within the meaning of former rule 421(b)(2) (now rule 4.421(b)(2))].)

Thus, the record supports the trial court's exercise of discretion in denying probation.

B.       *The Trial Court Acted Within its Discretion in Imposing a Non-Split Sentence*

Defendant next contends the trial court erred in evaluating the criteria for a split sentence. We disagree.

A court shall "suspend execution of a concluding portion of the term" unless it finds, "in the interests of justice," a split sentence is not appropriate. (§ 1170, subd.

---

the stolen goods in the trunk of defendant's girlfriend's car, where police eventually discovered them.

[6] Many of defendant's proffered factors (most taken from rule 4.414) would be better characterized as the absence of aggravation rather than a factor in mitigation.

[7] Defendant also asserts that his 2001 conviction for marijuana possession is "largely irrelevant." Evolving attitudes towards marijuana in Washington do not change the fact that he violated the law in 2001. Moreover, the possession of marijuana offense defendant was convicted of is still a misdemeanor in California. (See Health & Saf. Code, § 11357, subd. (c).)

5

(h)(5)(A); rule 4.415(a).)  In finding a split sentence inappropriate, the court must base its determination on "factors that are specific to a particular case or defendant."  (Rule 4.415(b).)  A court may consider factors including:  (1) "the balance of custody exposure available after imposition of presentence custody credits" (*id*. at (b)(1)); (2) "[t]he defendant's present status on probation" (*id*. at (b)(2)); (3) the defendant's "lack of need for treatment or supervision upon release" (*id*. at (b)(3)); and (4) "[w]hether the nature, seriousness, or circumstances of the case or the defendant's past performance on supervision substantially outweigh the benefits of supervision in promoting public safety" (*id*. at (b)(4)).  The court must state reasons for denying a split term.  (*Id.* at (d).)

Defendant argues the court failed to consider his balance of custody exposure after presentence credits, as well as factors indicating a lack of need for treatment.  He adds that the record does not support a finding that the benefits of supervision were outweighed.  Defendant also questions the court's conclusion that he could go back to supervised probation in Oregon.  We are not persuaded.

The trial court acted within its discretion in denying a split term.  The court referenced "the same reason" offered for imposing the middle term.  This included his past convictions and the fact that he was unsuccessfully serving two separate grants of probation when he committed the instant offense.  These factors, specific to defendant's case, squarely supported denying a split term, and defendant's proffered factors do not render the exercise of discretion arbitrary or capricious.  (See *People v. Stuckey* (2009) 175 Cal.App.4th 898, 916 ["What the interests of justice require in a particular case constitutes a question uniquely addressed to the broad judicial discretion of the trial court"].)

6

## III. DISPOSITION

We affirm.

/S/

RENNER, J.

We concur:

/S/

NICHOLSON, Acting P. J.

/S/

MURRAY, J.