[Crim. No. 8406.    Second Dist., Div. One.    Oct. 24, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. VELMA
ROSEMONT, Defendant and Appellant.

Lucius W. Lomax, Jr., and Carter & Lomax for Defendant
and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—The trial court found defendant guilty of having amidone in her possession in violation of section 11500, Health and Safety Code, and that she suffered two prior felony convictions (narcotics and robbery). Appealing from the judgment she claims there was no probable cause for her arrest. Defendant did not take the stand; only two witnesses testified—a police chemist, who testified that exhibit 1 contained amidone, a narcotic; and the arresting officer.

Officer Hill, 12 years with the Narcotic Division of the Los Angeles Police Department, testified that — on October 11, 1961, around noon, with a search warrant authorizing him to search the person, residence and automobile of defendant in his possession, he observed defendant, whom he had seen the day before at the same location, drive her white Thunderbird automobile into a parking lot at Ralphs Market; she was alone; he drove into the lot and stopped behind defendant's parked car; they got out of their vehicles at the same time; as he walked toward her, when he was about 5 or 6 feet away, he observed that when she saw him she dropped from her right hand several colored objects; he picked them up and found them to be balloons; with his fingers he felt a "powdery substance" inside, and through his "past experience in narcotics, and knowing the way these are usually carried," formed the opinion that they contained a narcotic, and arrested defendant; her first statement was "Did Mel do this to me?" then, "I guess I'm dead ... how long have you been working on me"; he showed her the search warrant; and as he started walking her to the police car saw her fumble with her waist and observed a match book cover with another balloon tucked under her belt. She admitted to him she had narcotics on her person and that she had an "outfit" at home; there he found a hypodermic needle and eye dropper.

While there is no exact formula for the determination of reasonableness, and the issue of probable cause must be decided on the particular facts and circumstances in each case (*People* v. *Ingle*, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577]), the general rule is: "Probable cause is shown if a man of ordinary caution or prudence would be led to believe or conscientiously entertain a strong suspicion of the guilt of the accused." (*Bompensiero* v. *Superior Court*, 44 Cal. 2d 178, 183 [281 P.2d 250]; *People* v. *Fischer*, 49 Cal.2d 442 [317 P.2d 967]; *People* v. *Ingle*, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577]; *People* v. *Kilvington*, 104 Cal. 86 [37 P.

799, 43 Am.St.Rep. 73].)

Having just helped obtain, and having in his possession, a search warrant for defendant, her house and her automobile, Officer Hill then knew defendant was under suspicion for narcotics; he knew her by sight and had in his possession other information concerning her; as he approached her he observed her drop several balloons from her person; and knowing this to be the common means of carrying narcotics and an attempt to discard contraband upon approach of an officer to be the common behavior of one who has narcotics on his person, and feeling the ''powdery substance'' in the balloons, he formed the opinion that they contained a narcotic. ■ ''Reasonable grounds for believing a package contains contraband may be adequately afforded by its shape, its design, and the manner in which it is carried. (*Henry* v. *United States, supra,* 361 U.S. 98, 103, 104 [80 S.Ct. 168, 172, 4 L.Ed.2d 134, 139].)'' (*People* v. *Walker,* 203 Cal.App.2d 552, 558 [21 Cal.Rptr. 692]; *People* v. *Spicer,* 163 Cal.App. 2d 678 [329 P.2d 917].) ■ These circumstances provided the officer with sufficient basis to support a reasonable belief that defendant had committed a felony. Such conclusion is not based on the sole fact that the officer felt the substance in the balloons, but on his previous information, observations of defendant's conduct, and his knowledge of the behavior and usage of one carrying narcotics, all of which circumstances faced him at the time he arrested defendant; and the trial court was entitled to assume that he relied upon them in forming the opinion that defendant had committed an offense. (*People* v. *Fisher,* 184 Cal.App.2d 308 [7 Cal.Rptr. 461]; *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]; *People* v. *Jackson,* 183 Cal.App.2d 562 [6 Cal.Rptr. 884]; *People* v. *Rayson,* 197 Cal.App.2d 33 [17 Cal.Rptr. 243].)

There being probable cause for defendant's arrest, no error was committed by the trial judge in refusing to strike the testimony of Officer Hill, or in admitting in evidence the amidone discarded by defendant. (Exhibit 1.)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.