[Crim. No. 11465.   Second Dist., Div. Four.   June 13, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. VAYLORD
RUFUS SULLIVAN, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Plaintiff and Appellant.

H. Randolph Moore, Jr., for Defendant and Respondent.

JEFFERSON, J. — Following a preliminary hearing, defendant was held to answer to the charge of possession of marijuana. (Health & Saf. Code, § 11530.) An information was subsequently filed charging this offense. Defendant moved, under section 995 of the Penal Code, to set aside the information on the ground evidence against him was illegally obtained. The motion was granted and the People appeal pursuant to Penal Code section 1238, subdivision 1.

Deputy Sheriff Villahermosa testified at the preliminary hearing. On May 28, 1965, at about 7:10 p.m., he and three fellow officers were in an unmarked patrol car which had stopped for a signal light at Hooper and Nadeau Streets in Los Angeles County. They were in plainclothes. Officer Villahermosa observed that defendant, who was driving the car stopped next to the patrol car, appeared to be smoking a marijuana cigarette. He could see the cigarette because it was still light outside. Villahermosa was assigned to the narcotics detail and had in the past observed marijuana cigarettes on more than 500 occasions. He estimated the distance between himself and where defendant was sitting to be about 8 feet. He noted that the cigarette—about one-half to three-fourths of an inch in length—was hand-rolled, brown in color and that defendant —who appeared to be quite young—was smoking it in the peculiar fashion usually found only in marijuana smoking. After making these observations the officers attempted to pull defendant over using a red light and siren but defendant drove north on Hooper for approximately 6 or 7 blocks before stopping his vehicle in a parking lot. The patrol car pulled up behind. As defendant stopped the car Officer Villahermosa observed that he leaned back in the seat and appeared to make a motion with his arms in the area of his midsection. There was another person in the car seated on the passenger side of the front seat. As the officers alighted from the patrol car and approached defendant's car, defendant also got out of his car. When Villahermosa arrived at the driver's door of the vehicle defendant was standing between the driver's door and the back door. At this point the officer looked inside the vehicle

and observed a partially burned, hand-rolled cigarette lying in the center of the driver's seat where defendant had been seated. It appeared to be marijuana. The officer picked it up and examined it. The cigarette was still warm and had the smell of marijuana.

At this time defendant was placed under arrest. He was advised that he had a right to an attorney, a right to remain silent, and that everything he said could be used against him in court. Defendant stated he understood this. He was then searched. Two other cigarettes which also appeared to be marijuana were found. One was tucked into the waistband of the front of his pants. The other was apparently inside defendant's mouth. The officer saw a bulge in his cheek and then saw the cigarette fall to the ground. It was wet and folded. When asked why he did not swallow it, defendant said, "I tried, but it wouldn't go down." The officers had no warrant for arrest or search.

The cigarettes were admitted in evidence at the preliminary hearing over defendant's objection that they were the fruit of an illegal search and seizure. It was stipulated, for the purpose of the preliminary hearing, that the cigarettes were tested and found to be marijuana.

In dismissing the information on defendant's motion under section 995, the superior court determined that the circumstances did not justify the officers in stopping defendant. As a consequence, the court concluded, the contraband was illegally seized and should not have been admitted in evidence by the magistrate; that without this evidence there was not sufficient cause to hold defendant to answer to the charge. The superior court erred in dismissing the information.

██ "In conducting a preliminary hearing the magistrate is required to pass upon the weight of the evidence and the credibility of witnesses in determining whether 'sufficient cause' has been established. ██ When the superior court reviews this decision under Penal Code, section 995, the superior court may not substitute its judgment as to the weight of the evidence at the preliminary hearing, nor may the superior court judge the credibility of the witnesses who testified at the preliminary hearing. [Citation.]" (*People* v. *Akard,* 215 Cal.App.2d 182, 185 [30 Cal.Rptr. 69].) ██ "[I]f there is some evidence in support of the information, the court will not inquire into the sufficiency thereof. [Citations.]" (*Perry* v. *Superior Court,* 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529].)

770

The uncontradicted testimony of Deputy Sheriff Villahermosa provided ample evidence to support the determination of the magistrate. The initial observation by the officer that defendant appeared to be smoking a marijuana cigarette clearly warranted investigation (if not probable cause to then and there arrest defendant). Circumstances short of probable cause may justify officers in stopping motorists on the streets for questioning. (*People* v. *Mickelson*, 59 Cal.2d 448, 450-451 [30 Cal.Rptr. 18, 380 P.2d 658].) When defendant failed to immediately pull over after the officers turned on their red light and siren and thereafter made what appeared to be furtive movements, the officers' suspicions were obviously reinforced. The marijuana cigarette lying on the front seat of defendant's car was not discovered as the result of any search. It was in the plain view of the officer. When he saw it he clearly at that point had probable cause to arrest defendant. (*People* v. *Walker*, 203 Cal.App.2d 552, 558 [21 Cal.Rptr. 692].) The search thereafter conducted which turned up the other cigarettes was incidental to the valid arrest.

The order is reversed.

Files, P. J., and Kingsley, J., concurred.