[Crim. No. 2995. Fourth Dist., Div. One. Sept. 26, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. LAWRENCE RUSSELL ANDERSON, Defendant and Respondent.

Cecil Hicks, District Attorney, and Robert E. Law, Deputy District Attorney, Thomas C. Lynch, Attorney General, and Michael R. Capizzi, Deputy Attorney General, for Plaintiff and Appellant.

David K. Kroll, under appointment by the Court of Appeal and Swing, Scharnikow, Lewis & Kroll, for Defendant and Respondent.

WHELAN, J.—The People have appealed from an order granting, under section 995, Penal Code, defendant's motion to dismiss an information charging unlawful possession of marijuana.

### THE EVIDENCE IN SUPPORT OF THE ORDER OF THE COMMITTING MAGISTRATE

At about 7 p.m. of July 22, 1967, Robert L. Hill, a police officer of the City of Garden Grove, while on patrol duty in a black and white police vehicle, turned the corner from Ward Street on to Ballast Street and saw, about one-half block east of that corner, a green Dodge automobile in the middle of the street. Hill heard a loud noise of tires screeching and saw smoke coming up from the rear end of the Dodge as it took off at a high rate of speed; Hill attempted to overtake it and clock its speed; the best he was able to do was to estimate the speed of the Dodge to be in excess of 40 miles per hour.

Ballast is a street 30 to 40 feet wide in a residential area and had cars parked along both sides most of the length of the block.

The Dodge, moving east, made a left turn onto Deming Street, followed by Hill who put on his red lights and honked his horn as he turned the corner; the Dodge slowed down and made a right turn onto Wisteria; defendant pulled it over to

the curb, stopped, immediately got out and stood at the right front fender of the Dodge.

Hill parked his car to the rear of the Dodge, alighted, and, coming up to defendant, asked to see his driver's license; was told by defendant that he did not have one, that he had either lost his wallet or left it at home; asked if defendant had any sort of identification, was told "no" by defendant, except for the registration of the car; asked defendant if the car belonged to him; was told "yes."

Hill had asked defendant his name; was told it was Anderson; saw the registration certificate, which showed the name of Connors. Defendant had also said he lived on Ballast Street.

Hill asked defendant if he might search his car to see if there were evidence of identification in the glove compartment; was told "no"; Hill then placed defendant under arrest for engaging in an exhibition of speed (Veh. Code, § 23109) and for not having a valid driver's license in his possession;[1] advised defendant of his rights; searched him; handcuffed him; had defendant sit in the police car; asked defendant if there were anything in the vehicle defendant did not want Hill to see; was told, "Yes, there are several things."

Hill then went to the Dodge and looked through the windshield on the driver's side; from there he saw, on the floorboard, about one-half of a hand-made cigarette sticking out from under the driver's seat; it was a cigarette similarly constructed to cigarettes Hill had seen in connection with arrests he had made for possession of marijuana.

Having seen that cigarette, Hill opened the door of the car to examine the cigarette more closely; upon opening the door he saw a second hand-made cigarette lying on the floor a little way out from the seat; he also saw in the space under the driver's seat five other such cigarettes, which he picked up; he broke one in half, saw inside a green leafy substance that he thought was, and which proved to be, marijuana.

The officer's experience was such as to permit him to make an identification in gross of marijuana. Hill then told defendant he was also under arrest for possession of marijuana.

---

[1] Vehicle Code, section 40302 holds in part: "Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committeed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases: (a) When the person arrested fails to exhibit his driver's license or other satisfactory evidence of his identity."

Defendant's parents came upon the scene shortly after Hill had examined the marijuana cigarettes. Hill informed defendant's mother that her son was under arrest for the Vehicle Code violations and because Hill had found marijuana in the car. In the mother's presence Hill took the marijuana cigarettes from the car where he had left them.

Shortly after the arrival of defendant's parents, a follow-up officer came upon the scene. At the jail, Hill examined the pocket of defendant's shirt in which he found fragments of the same green leafy substance he had seen in the cigarettes.

While talking to defendant at the jail, Hill for the first time remembered having gone to the home of defendant's parents several weeks earlier on a complaint of neighbors that a group of young people were making excessive noise. At that time Hill spent about five minutes there; he had asked which of the young people lived there and defendant had come forward.

### Other Testimony

Defendant and his mother testified in his behalf.

Defendant testified concerning Hill's visit to defendant's home on the earlier occasion; claimed he reminded Hill about it before the arrest was made; thought Hill must have remembered him; said that on that occasion Hill had asked if he might search the house and was told he might, but did not do so; said Hill asked him three times for permission to search the car, which he did thrice refuse; asserted that Hill opened the car door without having first looked through the windshield; intimated that in the trial for the traffic offenses he had been found not guilty of the charge of engaging in an exhibition of speed; said he was not licensed as an operator at the time of his arrest; that he was 18 years of age when arrested; at the jail Hill showed him the marijuana cigarettes; defendant did not remember having seen them in his car, which was his though registered in the names of his parents.

Defendant's mother testified that Hill thrust his hand directly into the car and came out with some cigarettes after a brief interval, which he showed to her, telling her they were marijuana; she was uncertain whether Hill had previously told her defendant had been arrested for possession of marijuana, but she thought he had not, although he had told her before he produced the cigarettes that her son was under arrest for something.

### SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE ORDER OF THE MAGISTRATE

 Only upon the theory that the physical evidence was the product of an illegal search and seizure can it be said that the evidence before the committing magistrate was insufficient to show probable cause to hold defendant for trial. In making that determination, if the magistrate accepted the testimony of the officer as true, the conflicting testimony presented by defendant should be disregarded. It is clear that the magistrate did believe the officer.

Defendant's arguments may be summarized as follows: Hill had no cause to stop defendant for engaging in an exhibition of speed because defendant was acquitted of that charge; since the discovery of defendant's lack of a license resulted from an illegal stopping of his car, the lack of a license gave no occasion for arrest; in any event, Hill should have been satisfied with defendant's statement as to his identity and residence, should even have gone back with defendant to the address given to verify his statements; had all that been done, an arrest under Vehicle Code, section 40302, subdivision (a), would have been improper;[2] since Hill had wanted to search the car, permission to do which had been refused, his looking through the windshield was a search; since he should not have arrested defendant and therefore should not have looked through the windshield, that looking and its consequences are tainted with illegality, especially since defendant had made an attempt to keep the cigarettes hidden.

Primarily, the question of the propriety of the officer's conduct after he had stopped defendant has two unrelated aspects: (a) was it reasonable for him to arrest defendant; and (b) was it permissible for him to look through the windshield of defendant's car?

The answer to the second question does not depend upon the answer to the first.

 The propriety of the officer's looking through the windshield does, however, hinge upon the reasonableness of the stopping which afforded the occasion for the looking. The officer's testimony gave probable cause for stopping defendant's car for speed in excess of the prima facie limits in a residential zone, regardless of the final disposition of the charge.

---

[2]See footnote 1, *supra.*

 We refuse to say as a matter of law that the defendant produced satisfactory evidence of his identity in the light of his claim of ownership of a car registered in a name different from his family name. Certainly the officer had no duty at that point to take defendant back to the place he said was his home. That the officer might have done so because of defendant's age is beside the point

 It would not be an illegal act for a private citizen to peer through the windshield of an unoccupied parked automobile on a public street in daylight hours; it does not become so for a policeman even though he may have in mind the possibility that in doing so he will see evidence of some illegal conduct. A policeman in the presence of an offense of sufficient seriousness, such as driving without a license, should not be told that as a matter of law he goes too far if he views evidence of another offense. For him to do so may not be cricket, but since law enforcement is not a game of cricket, of blind man's buff or of hide and seek, the only rules are those of fundamental fairness and those imposed by law.

There was no fundamental unfairness in the officer's looking through the windshield. So long as they may do so without infringing any constitutional or other legal rights of others, and without engaging in conduct fundamentally unfair, police officers may indulge their curiosity with regard to the conduct of other persons; they are not employed to go about their business with their eyes shut and their ears plugged; are not called upon to assume that criminal acts are permitted so long as they do not obtrude themselves upon the notice of the police; and are to be commended rather than condemned for exercising their powers of observation with alertness and keenness.

A defendant who engages in a criminal act in a glass house should take the precaution of having all the blinds drawn if he wishes to assert his right to privacy. The fact that he has desired and has made an unsuccessful effort to conceal all evidence of his criminal act should not entitle him, as suggested by defendant, to the same immunities as if he had been successful in that effort.

It has been held often that contraband within an automobile seen from outside through its windows may be seized and that such seizure is not the result of an illegal search. (*People* v. *McCullough*, 222 Cal.App.2d 712 [35 Cal.Rptr. 591]; *People* v. *Mosco*, 214 Cal.App.2d 581 [29 Cal.Rptr. 644].) In both

of the cited cases the officers used flashlights in looking through the windows; in *Mosco,* an officer directed the beam of his flashlight through the right rear door window and under the rear of the front seat. (See also *Harris* v. *United States* [March 5, 1968] 390 U.S. 234, 235-236 [19 L.Ed.2d 1067, 1069, 88 S.Ct. 992, 993].)

In the instant case, after Hill saw the first cigarette, which from his experience he suspected to be marijuana, he had probable cause to open the door and make an investigation, which discovered the other cigarettes. (*People* v. *Schultz,* 263 Cal.App.2d 110, 114-115 [69 Cal.Rptr. 293], and cases cited therein; *People* v. *McClain,* 209 Cal.App.2d 224 [26 Cal.Rptr. 244].)

We do not consider that the decision of *People* v. *Marshall,* 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665], is to the contrary. Factually, the cases are significantly different. The contraband in *Marshall* was in a closed paper bag in an open box; the bag gave no visible exterior evidence as to its contents; it was in a building in which a number of policemen were lawfully present, of whom several might have safeguarded the suspected contraband while another went for a search warrant.

The distinction between the measures reasonably required by the discovery of suspected contraband in a vehicle capable of mobility and the presence of such contraband in a house is well recognized. (*People* v. *Terry,* 61 Cal 2d 137, 152-153 [37 Cal.Rptr. 605, 390 P.2d 381].)

Nor do we think the *Marshall* holding compels the view that the lawful observation of a suspected marijuana cigarette in a vehicle may not be followed by a seizure thereof or an investigation of its contents, even though the contents are not visible through the paper wrapper, if all the usual exterior indicia of a marijuana cigarette are present, as well as other circumstances to bolster the inference that the cigarette contains marijuana. The following cases support that view: *People* v. *Harris,* 62 Cal.2d 681, 683 [43 Cal.Rptr. 833, 401 P.2d 225] (dealing with the exposed portion of a plastic bag); *People* v. *Cruz,* 61 Cal.2d 861 [40 Cal.Rptr. 841, 395 P.2d 889]; *People* v. *Sullivan,* 242 Cal.App.2d 767, 768-769 [51 Cal.Rptr. 778]; and *People* v. *Walker,* 203 Cal.App.2d 552, 554 [21 Cal.Rptr. 692], all dealing with what appeared to be marijuana cigarettes.

Reasonable grounds for believing a package contains con-

traband may be adequately afforded by its shape, its design, and the manner in which it is carried. (*People* v. *Rosemont,* 221 Cal.App.2d 500, 502 [34 Cal.Rptr. 667].

It is a matter of common observation that tobacco smokers who roll their own cigarettes do so usually only just before smoking; the home-made, machine-rolled cigarette is something distinctive.

 The cigarette first seen by Hill was not only a pre-prepared, hand-rolled cigarette, but was seen in a position suggesting it had been concealed.

In the light of Hill's experience, those circumstances were sufficient to give rise to a reasonable suspicion that it was a marijuana cigarette.

Defendant's refusal, for whatever reason, of permission to a search of the car may not be considered as furnishing additional cause to believe the cigarette was contraband.

 Whatever may have been the considerations within the evidence that operated upon the superior court judge to grant the motion to dismiss ''based upon the tenor of the transcript,'' we find the admissible evidence to have been sufficient. It is neither the duty nor the right of the court reviewing an order holding a defendant for trial to weigh conflicting evidence or to substitute his inferences for the reasonable inferences of the committing magistrate. (*Perry* v. *Superior Court,* 57 Cal.2d 276, 283-284 [19 Cal.Rptr. 1, 368 P.2d 529].)

The order appealed from is reversed.

Brown (Gerald), P. J., and Coughlin, J., concurred.