[Civ. No. 34491.   Second Dist., Div. One.   May 28, 1969.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MELVIN HARRIS, Real Party in Interest.

Evelle J. Younger, District Attorney, Harry Wood and Maurice H. Oppenheim, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Richard S. Buckley, Public Defender, Rod Briggs, James R. Franks II and James L. McCormick, Deputy Public Defenders, for Real Party in Interest.

FEINERMAN, J. pro tem.*—Pursuant to Penal Code sec-

*Assigned by the Chairman of the Judicial Council.

tion 1538.5, subdivision (o), petitioner seeks a writ of mandate directed to respondent court requiring it to annul its action of March 12, 1969, suppressing evidence and to make a new and different order denying the motion to suppress evidence.[1]

We have concluded that the respondent court's action in granting the motion to suppress evidence was in error and that a peremptory writ of mandate should issue.

## STATEMENT OF FACTS

On September 7, 1968, at approximately 3 a.m., Police Officer Lunder observed the real party in interest (hereinafter referred to as the defendant) hitchhiking at the intersection of Avalon Boulevard and Imperial Highway in the City of Los Angeles. The defendant had stepped from the curb and approached a car that was stopped for a red light. The officer advanced toward the defendant to cite him for a violation of Vehicle Code section 21957, hitchhiking on a roadway. As Officer Lunder approached the defendant, he saw a cylindrical bulge in the defendant's right rear pocket and also noticed that the defendant was holding a cigarette in his left hand. When the officer reached the defendant, he patted-down the defendant for weapons and ascertained that the right rear pocket did not contain a weapon. The officer then asked the defendant ''What he had in his pocket.'' The defendant replied, ''Here, hold this, I will get it for you,'' and handed the cigarette that was in his left hand to the officer. The cigarette was hand-rolled in white paper with the ends crimped. The defendant then reached into his right rear pocket with his right hand and pulled out an item and threw it in the street about 15 or 20 feet from where he and the officer were standing.

Officer Lunder testified that he had seen marijuana about 30 times previously and had seen marijuana in hand-rolled cigarettes and thought that the hand-rolled cigarette given to him by the defendant was a marijuana cigarette. However, the contents of the cigarette could not be observed without breaking it open. The officer proceeded to open one end of the

---

[1] Penal Code section 1538.5, subdivision (j) authorizes the People to seek appellate review by mandamus as provided in 1538.5, subdivision (o) ''unless the [trial] court prior to the time such review is sought has dismissed the case pursuant to [Penal Code] Section 1385.'' In this case, the criminal proceeding is still pending. If there had been a 1385 dismissal, the proper remedy for the People would have been an appeal as authorized in Penal Code section 1238, subdivision 7.

cigarette and observed numerous small oval seeds which he believed resembled marijuana seeds and he also observed a green leafy substance which he believed resembled marijuana. The defendant was placed under arrest and the officer searched the defendant and found two pills in his right rear pocket. Officer Lunder then picked up the object thrown by the defendant. It was an empty plastic bottle without a cap and without any labels.

The police officer further testified at the 1538.5 hearing that at the time the events set forth above occurred the defendant appeared slightly intoxicated but had no odor of alcohol on his breath.

In the proceeding pending in the respondent court, the defendant is charged with a violation of Health and Safety Code section 11530, possession of marijuana, a felony, and a violation of Health and Safety Code section 11910, possession of dangerous drugs, a misdemeanor. In granting the defendant's motion to suppress, the lower court rooted its holding in two propositions; first, that the police officer had no right to ask the defendant what was in his right rear pocket and second, that the police officer had no right to open the cigarette for examination. In support of the respondent's action, defendant contends that the opening of the hand rolled cigarette for the purpose of inspecting its contents constitutes a search, that no consent, express or implied, was given by the defendant whereby Officer Lunder was authorized to open the cigarette and examine its contents, that the officer had no probable cause to arrest or search before the cigarette was opened, and that the "fruit of the poisoned tree" doctrine applies to the search of the defendant's pockets and the seizure of the two pills from his pocket during that search.

WAS THE QUESTIONING BY THE POLICE OFFICER IMPROPER?

■ There was nothing improper about the officer's inquiry with regard to the bulge in the defendant's right rear pocket. The officer observed a misdemeanor being committed in his presence, and he had a right to detain the defendant during the period of time reasonably required to issue the hitchhiking citation. In view of the lateness of the hour and the apparent bulge in defendant's right rear pocket, the officer had a right to pat down the defendant for weapons. (*Terry* v. *Ohio*, 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868].) ■ In California it is also well established that the police have the right to briefly question suspects temporarily detained for investigation. (*People* v. *Mickelson*, 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380

P.2d 658]; *People* v. *Michael,* 45 Cal.2d 751. 754 [290 P.2d 852]; *People* v. *Merchant,* 260 Cal.App.2d 875 [67 Cal.Rptr. 459].) "The implications of *Terry* v. *Ohio* . . . tend to support the validity of these California rulings and sustain the constitutional propriety of brief questioning by the police of suspects whom they have temporarily detained." (*People* v. *Manis,* 268 Cal.App.2d 653, 662 [74 Cal.Rptr. 423].) ▮▮▮▮ It should also be noted that in the instant case the defendant was under no compulsion to comply with the officer's request for information and in fact did not do so; instead of responding with words, the defendant removed .the item in question from his pocket and threw it away. Even if the question posed by the officer was a custodial interrogation within the ruling of *Miranda* v. *Arizona,* 384 U.S 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] (and we believe it was not), no statements were uttered by the defendant which were used by the prosecution. It is true that the defendant handed the cigarette that was in his hand to the officer after the officer's inquiry about the bulge in defendant's pocket, but it would be unreasonable to conclude that this action was induced or compelled in any way by the question asked by the officer.

### DID THE OFFICER'S OPENING OF THE CIGARETTE CONSTITUTE AN UNLAWFUL SEARCH OF THE DEFENDANT'S "EFFECTS"?

▮▮▮ The Fourth Amendment protects the security of citizens in their persons, houses, papers, and effects against "unreasonable" searches and seizures. There is no constitutional benchmark by which reasonableness may be determined. However, most federal and state courts have equated "unreasonable" with "unlawful."[2]

In the light most favorable to the defendant, we have a factual situation herein involving an "effect" (the hand-rolled cigarette) and an alleged "search" of the cigarette. The defendant concedes there is no "seizure" within the meaning of the Fourth Amendment inasmuch as he voluntarily gave the cigarette to the officer. The defendant contends that his voluntary action in giving the cigarette to the officer was not. an abandonment as in *People* v. *Spicer,* 163 Cal.App.2d 678 [329 P.2d 917], where the defendant, when called by the police, dropped a hand rolled cigarette and ran. Defendant further contends that his words "Here, hold this" indicate his inten-

---

[2]George, Jr., B. James, Constitutional Limitations on Evidence in Criminal Cases (1966).

tion in giving the cigarette to the officer was limited to having the cigarette momentarily held and was not intended to be either an express or implied waiver of his Fourth Amendment rights.

The premise that the defendant would have us adopt is a tortured construction of the Fourth Amendment that would unduly emasculate law enforcement proceedings. In our opinion such an interpretation of the Fourth Amendment is not required under existing federal and California cases.

■ When a defendant voluntarily produces evidence against himself, his constitutional rights are not violated. (*Zap* v. *United States,* 328 U.S. 624 [90 L.Ed. 1477, 66 S.Ct. 1277] ; *People* v. *Michael, supra.*) Here the defendant voluntarily gave the cigarette to the officer to hold. The officer was not obligated to ignore that which was in "plain view" (*People* v. *Martin,* 45 Cal.2d 755, 762 [290 P.2d 855] ; *People* v. *Holloway,* 230 Cal.App.2d 834, 839 [41 Cal.Rptr. 325]).

■ Reasonable grounds for believing a package contains contraband may be adequately afforded by its shape, its design, and the manner in which it is carried. (*Henry* v. *United States,* 361 U.S. 98, 103 [4 L.Ed.2d 134, 139, 80 S.Ct. 168] ; *People* v. *Rosemont,* 221 Cal.App.2d 500, 502 [34 Cal.Rptr. 667].) In *People* v. *Walker,* 203 Cal.App.2d 552 [21 Cal.Rptr. 692] a defendant was in police custody following an automobile accident. He appeared to be intoxicated but denied he was. While conversing with an officer, the defendant took a brown, hand-rolled cigarette from his pocket and put it back. The court held that it was reasonable for the officer to conclude that the cigarette contained marijuana and to seize it as contraband. The court also observed that "the present day use of hand-rolled cigarettes in urban areas, at most, is very limited."

In *People* v. *Anderson,* 266 Cal.App.2d 125 [71 Cal.Rptr. 827] an officer looking through a windshield of a car saw a handmade cigarette sticking out from under the driver's seat. After opening the door of the car, he saw other handmade cigarettes, one in plain view and five others concealed under the driver's seat. The officer broke one cigarette in half and saw inside a green leafy substance that he thought was, and which proved to be, marijuana. The court upheld the officer's action in breaking open the cigarette to observe the contents, stating : "Nor do we think the *Marshall*[3] holding compels the view that the lawful observation of a suspected marijuana

[3] Referring to *People* v. *Marshall* (1968) 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665].

cigarette in a vehicle may not be followed by a seizure thereof or an investigation of its contents, even though the contents are not visible through the paper wrapper, if all the usual exterior indicia of a marijuana cigarette are present, as well as other circumstances to bolster the inference that the cigarette contains marijuana. The following cases support that view: *People* v. *Harris,* 62 Cal.2d 681, 683 [401 P.2d 225] [dealing with the exposed portion of a plastic bag]; *People* v. *Cruz,* 61 Cal.2d 861 [40 Cal.Rptr. 841, 395 P.2d 889]; *People* v. *Sullivan,* 242 Cal.App.2d 767, 768-769 [51 Cal.Rptr. 778], and *People* v. *Walker,* 203 Cal.App.2d 552, 554 [21 Cal.Rptr. 692], all dealing with what appeared to be marijuana cigarettes." (P. 132.)

We believe that Officer Lunder, in the context of the circumstances of this case, had a right to investigate the contents of the cigarette voluntarily given to him by the defendant. The usual exterior indicia of a marijuana cigarette were present, the defendant appeared slightly intoxicated but had no odor of alcohol on his breath, and he had just engaged in the furtive act of throwing away an unidentified item removed from his pocket in response to a question about the item.

Let a peremptory writ of mandate issue requiring the Superior Court of Los Angeles County to annul its action of March 12, 1969, suppressing evidence in People v. Harris, case number A-157917, and to make a new and different order denying the motion to suppress evidence.

Wood, P. J., and Fourt, J., concurred.