[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 988 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 989 
OPINION
Defendant appeals from a judgment of conviction for violation of Health and Safety Code section 11557 (maintaining a place where narcotics are being used) following a plea of guilty. Defendant has not obtained a certificate of probable cause as provided for by Penal Code section 1237.5 providing that such a certificate is required upon an appeal from a judgment or conviction after a plea of guilty. This appeal, however, proceeds solely to secure a review of the search and seizure question which a defendant may have reviewed under Penal Code section1538.5, subdivision (m), notwithstanding his plea of guilty where, as here, the defendant has moved prior to his conviction to suppress evidence on the ground that it was obtained by an unreasonable search and seizure.[1] (1) An appeal authorized by section 1538.5, subdivision (m) does not require a section1237.5 certification. (Moran v. St. John, 267 Cal.App.2d 474,477-478 *Page 990 
[73 Cal.Rptr. 190]; People v. Coyle, 2 Cal.App.3d 60, 63
[83 Cal.Rptr. 924].)
 The Facts
On early morning patrol, Officer Esparza and a colleague of the San Jose Police Department observed a 1955 Oldsmobile parked adjacent to a closed liquor store. At that time they were in receipt of a radioed report stating that a residential burglary had occurred in that area several hours before. The officers observed that the car's two occupants remained so parked for about five minutes before proceeding up the street and turning right. After turning right the car stopped. A third person approached the car and engaged in a conversation with the occupants of the car. After several minutes the pedestrian got into the back seat area of the car and the car then proceeded down the street.
The police vehicle followed the Oldsmobile for several blocks after which the police ordered the Oldsmobile to pull over and stop. While walking towards the Oldsmobile Esparza observed one of the occupants make a pushing motion with his right hand down across the right side of his body towards his lap. He identified this person as defendant.
Upon reaching the vehicle, Esparza asked its three occupants to exit. All three did so. The three then identified themselves and stated that they "were down visiting friends." Upon alighting, the vehicle's driver left the car door open. Esparza looked into the car and observed some stereo tape and a pipe on the front passenger's seat, and a pipe with a chrome or silver cover on the floor of the driver's side, partially covered by the floor mat. Esparza picked up the pipe with the cover, looked inside the bowl and observed what he considered to be marijuana seeds and debris. Esparza then conducted a general search of defendant's person and inside his waistband pocket he found a plastic bag containing marijuana.
At the hearing Esparza testified that he was prompted to pick up the pipe because from his prior experience with marijuana detection a pipe with a chrome or silver top was a paraphernalia normally connected with marijuana use. On cross-examination, Esparza admitted that the radio report of the burglary did not state what had been taken nor did it describe the culprit or any vehicle. He also stated that although the vehicle's license light was out, he did not stop the car for this Vehicle Code violation, but to investigate a possible complicity in the burglary.
The foregoing facts were testified to at a preliminary hearing before the magistrate. Upon these facts defendant's motions to suppress the evidence in proceedings invoked pursuant to Penal Code sections 995 and 1538.5 were denied. *Page 991 
 The Request to Exit From Vehicle
Defendant contends that the officer's request that he exit from the vehicle was an improper invasion of his right to privacy and an unreasonable seizure of his person. The resolution of this issue depends on whether Esparza was justified in stopping the vehicle in the first instance.
(2) It is well settled that circumstances short of probable cause to make an arrest justify an officer's stopping a motorist for investigation or questioning. (People v. Mickelson,59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658]; People v.Martin, 46 Cal.2d 106, 108 [293 P.2d 52]; People v. Doherty,67 Cal.2d 9, 22 [59 Cal.Rptr. 857, 429 P.2d 177]; People v. Beverly,200 Cal.App.2d 119, 125 [19 Cal.Rptr. 67]; People v. Adam,1 Cal.App.3d 486, 488 [81 Cal.Rptr. 738].) This rule has been interpreted to mean that circumstances authorizing this limited invasion of a citizen's privacy must be suspicious or unusual (People
v. Kraps, 238 Cal.App.2d 675, 678 [48 Cal.Rptr. 89]; Hood v. SuperiorCourt, 220 Cal.App.2d 242, 245 [33 Cal.Rptr. 782]) or the circumstances are such that an officer acting reasonably would deem such stopping requisite to a proper execution of his duties. (People v.Perez, 243 Cal.App.2d 528, 531 [52 Cal.Rptr. 514]; People
v. Murray, 270 Cal.App.2d 201, 203 [75 Cal.Rptr. 625];People v. Cruppi, 265 Cal.App.2d 9, 11-13 [71 Cal.Rptr. 42] .) Accordingly, each case will be judged retrospectively in the light of the circumstances totally considered and peculiar to it. (People v. Blodgett, 46 Cal.2d 114, 117 [293 P.2d 57];People v. One 1960 Cadillac Coupe, 62 Cal.2d 92, 96
[41 Cal.Rptr. 290, 396 P.2d 706].)
(3a) In the instant case we have suspicious and unusual circumstances which reasonably justified Esparza in stopping the subject vehicle in the proper discharge of his duties. Esparza was in an area in the early morning hours in which a burglary had occurred shortly before he observed the vehicle. The vehicle with two occupants was parked in front of a closed store when it was first observed. It then moved to another location where a pedestrian approached it and entered it. Under the totality of these circumstances the stopping of the vehicle to question its occupants was justified.
Defendant argues that even if the officer was justified in stopping the car he was not entitled to request that defendant and his copassengers alight from the car. In essence he suggests that Esparza was limited to questioning the three occupants of the car concerning the burglary while they were seated in the car. This contention is without merit. (4) It is well established that when an officer stops a motorist under circumstances which justify his stopping the vehicle, he may properly request its occupant to alight. (People v. Mickelson,supra, 59 Cal.2d 448, 450; People v. *Page 992 Martin, supra, 46 Cal.2d 106, 108; People v. Bordwine,268 Cal.App.2d 290, 291 [74 Cal.Rptr. 11.) Such a demand is legally justified in order to insure the safety of the officer. (People
v. Figueroa, 268 Cal.App.2d 721, 726 [74 Cal.Rptr. 74];Terry v. Ohio, 392 U.S. 1, 10 [20 L.Ed.2d 889, 899,88 S.Ct. 1868]; People v. Adam, supra, 1 Cal.App.3d 486, 489; People v.Graves, 263 Cal.App.2d 719, 731 [70 Cal.Rptr. 509]; People v. Nieto,267 Cal.App.2d 1, 3 [72 Cal.Rptr. 764]; see People v. Mickelson, supra.)
(3b) In the instant case the officers, upon stopping a car with three persons at 2 a.m. in an area in which a burglary had occurred shortly before, were acting prudently and reasonably under the circumstances. An important consideration was whether the men whom they were investigating for burglary were armed. In view of this possibility, it was safer for the officers if the occupants of the car were asked to alight so that they could better be observed while the investigation was in progress.
 Search and Seizure of the Pipe
Defendant next argues that at the time Esparza looked into the car and observed the chrome-covered pipe, he had no reasonable grounds to suspect a marijuana violation, and therefore there was no probable cause justifying his search and seizure thereof.(5) In considering this contention we observe, first, that where contraband is in plain view of an officer who has the right to be in the position to have that view, it may be seized without a warrant. (People v. Marshall, 69 Cal.2d 51, 59-60
[69 Cal.Rptr. 585, 442 P.2d 665]: Abt v. Superior Court, 1 Cal.3d 418,421 [82 Cal.Rptr. 481, 462 P.2d 10]; People v. McGrew,1 Cal.3d 404, 410-411 [82 Cal.Rptr. 473, 462 P.2d 1]; Bielicki
v. Superior Court, 57 Cal.2d 602, 607 [21 Cal.Rptr. 552,371 P.2d 288]; Ker v. California, 374 U.S. 23, 43
[10 L.Ed.2d 726, 743-744, 83 S.Ct. 1623]; United States v. Rabinowitz,339 U.S. 56, 75 [94 L.Ed. 653, 665, 70 S.Ct. 430].) The term "in plain view" means open and visible to the naked eye. (People v.Marshall, supra, at p. 58; People v. Kampmann, 258 Cal.App.2d 529,533 [65 Cal.Rptr. 798]; see People v. Allison,249 Cal.App.2d 653, 656-657 [57 Cal.Rptr. 635].)
(6) The plain view of a simply suspicious-looking or unsusual object which itself is not contraband, does not justify its seizure without a warrant. (People v. Marshall, supra,69 Cal.2d 51, 58.) Accordingly, a search warrant is necessary to search the contents of a container which itself is not contraband. (People v. Marshall, supra; People v. Baker,267 Cal.App.2d 916, 919 [73 Cal.Rptr. 455]: Abt v. SuperiorCourt, supra, 1 Cal.3d 418, 421; People v. Hawkins, 273 Cal.App.2d 529,533 [78 Cal.Rptr. 286].) *Page 993 
(7) On the other hand, a search warrant is not necessary where the object itself constitutes contraband (People v. Marshall,supra, at p. 57) or the shape, design or manner in which a package or container is carried affords reasonable grounds for believing it contains contraband. (People v. Anderson,266 Cal.App.2d 125, 133 [71 Cal.Rptr. 827]; People v. Rosemont,221 Cal.App.2d 500, 502 [34 Cal.Rptr. 667]; People v.Ouellette, 271 Cal.App.2d 33, 38 [76 Cal.Rptr. 346]; People
v. Superior Court, 273 Cal.App.2d 459, 464 [78 Cal.Rptr. 153] .)
(8) Adverting to the subject pipe, we observe that the possession of any device, contrivance, instrument or paraphernalia used for smoking marijuana is a crime. (Health Saf. Code, §11555[2]; Fraher v. Superior Court,272 Cal.App.2d 155, 160 [77 Cal.Rptr. 366].) "Whether an object is a device, contrivance, instrument or paraphernalia for the smoking of marijuana is a question of fact." (Fraher v. Superior Court, supra,
at p. 160.) That fact, where the subject matter is sufficiently beyond common experience, may be determined from the opinion of an expert witness even though the fact embraces the ultimate issue to be decided. (Evid. Code, § 801; Fraher v. Superior Court, supra; seePeople v. Mack, 169 Cal.App.2d 825, 830-831 [338 P.2d 25]; People v.Hinkle, 64 Cal.App. 375, 378-379 [221 P. 693]; People v. Newman,24 Cal.2d 168, 174-176 [148 P.2d 4, 152 A.L.R. 365].)
(9) In the present case Esparza testified that from his prior experience as an officer the subject pipe was of the sort in which marijuana was smoked, and that he had seen such a pipe used for the smoking of marijuana on at least two occasions previously. No objection was interposed to this testimony nor was any objection made to Esparza's qualification as an expert. Since Esparza was testifying as a witness with special knowledge of the subject on which he undertook to give his opinion as an expert, the question of the degree of his knowledge went to the weight of his knowledge rather than to its admissibility. (Pfingsten v.Westenhaver, 39 Cal.2d 12, 20 [244 P.2d 395]; People v.Mack, supra, at pp. 830-831.)
In Fraher, supra, a police officer testified that through his experience in narcotic matters a water pipe which he observed in plain view through the window of a residence was a pipe of the type used in smoking marijuana. The reviewing court held that an arrest for possession of a device used in smoking marijuana was based on probable cause. (At p. 162.) In that case, *Page 994 
as we are called upon to do here, the court was passing upon the propriety of a motion to suppress pursuant to Penal Code section1538.5. As pointed out in Fraher, the reviewing court was not called upon to decide whether a conviction for a violation of section 11555 of the Health and Safety Code could be sustained based solely on the testimony of the officer that in his opinion the water pipe was a device used for the smoking of marijuana, but, rather, was called upon to decide whether the officer had reasonable cause for the arrest of the defendant from the moment he saw the pipe because of his experience and training[3] and his expert opinion that it was a device used for smoking marijuana. (At p. 161.) Whether the officer testified truthfully is a matter of credibility for resolution by the trial court and by the rule of substantial evidence for the trial court. (Fraher v. Superior Court, supra, at p. 162.)
(10) Upon the rationale utilized in Fraher it appears to us that Esparza had reasonable cause to seize the pipe as contraband. Since the pipe itself was contraband, its contents were subject to search. Assuming, arguendo, that it could be said that the pipe was simply an unusual object which itself was not contraband, Esparza, nevertheless, had reasonable grounds for believing that the pipe contained contraband because, based on his experience, a pipe of that shape and design was used to smoke marijuana. (See People v. Anderson, supra, 266 Cal.App.2d 125,132; People v. Rosemont, supra, 221 Cal.App.2d 500, 502; People v.Ouellette, supra, 271 Cal.App.2d 33, 38; People v. Superior Court,supra, 273 Cal.App.2d 459, 464.) Accordingly, Esparza was justified in searching the inside of the pipe.
 Search of Defendant's Person (11) Applying the rationale of Fraher to the instant case, Esparza was justified in arresting defendant for possession of the pipe. Assuming that he could not make such an arrest because the pipe itself was not contraband, Esparza was justified, nevertheless, in arresting defendant for the possession of the marijuana seeds and debris which he found in the pipe pursuant to a valid search. Since he was entitled to arrest defendant he was justified in making a search of defendant's person incident to that arrest. (People v. Mickelson, supra, 59 Cal.2d 448,450-451; People v. Singletary, 268 Cal.App.2d 41, 44
[73 Cal.Rptr. 855]; People v. Duarte, 254 Cal.App.2d 25, 29
[61 Cal.Rptr. 690]; People v. Ceccone, 260 Cal.App.2d 886, 890 *Page 995 
[67 Cal.Rptr. 499].) (12a) The search revealed the additional marijuana in the plastic bag in defendant's waistband pocket. Esparza then arrested defendant. (13) The fact that the actual arrest followed the search of defendant's person does not negate a search incident to arrest since it was in timely proximity to the arrest. (People v. Cockrell, 63 Cal.2d 659, 666
[47 Cal.Rptr. 788, 408 P.2d 116]; Skelton v. Superior Court, 1 Cal.3d 144,156 [81 Cal.Rptr. 613, 460 P.2d 485]; United States v.Rabinowitz, supra, 339 U.S. 56, 61 [94 L.Ed. 653, 657].)(12b) We conclude, therefore, that the search of defendant's person was incident to his lawful arrest and therefore valid. Accordingly, the denial of defendant's motion to suppress made pursuant to Penal Code section 1538.5 and his motion to set aside the information pursuant to Penal Code section 995 was proper.
The judgment is affirmed.
Sims, J., and Elkington, J., concurred.
A petition for a rehearing was denied August 26, 1970, and appellant's petition for a hearing by the Supreme Court was denied September 24, 1970. Peters, J., was of the opinion that the petition should be granted.
[1] In the present case defendant moved to suppress the evidence pursuant to both Penal Code section 995 providing that an information may be set aside where a defendant has been committed without reasonable or probable cause, and Penal Code section 1538.5 providing, in essence, that a defendant may move to suppress evidence secured through an unreasonable search and seizure.
[2] Health and Safety Code section 11555 provides: "It is unlawful to possess an opium pipe or any device, contrivance, instrument or paraphernalia used for unlawfully injecting or smoking a narcotic." A "narcotic" as the term is defined in the Health and Safety Code includes marijuana. (Health Saf. Code, §11001, subd. (d).)
[3] The court pointed out in Fraher that reasonable cause for an arrest may be based on the opinion of the arresting officer that a crime is being committed in his presence based upon his prior experience and specialized training in the investigation of narcotic cases. (272 Cal.App.2d 155, 161-162, citing People v.Harris, 62 Cal.2d 681, 683 [43 Cal.Rptr. 833, 401 P.2d 225].) *Page 996