[Crim. No. 3986. Fourth Dist., Div. One. Jan. 20, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID WALTER CRUMP, Defendant and Appellant.

**COUNSEL**

Roger C. Crobarger, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Diana C. Woodward, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**COUGHLIN, J.**—Defendant was convicted, upon a plea of guilty after denial of his motion to suppress, of the offenses of transporting restricted dangerous drugs and maintaining a place for the purpose of selling, giving away and using narcotics; and appeals upon the ground denial of his motion was error.

The motion to suppress was directed to evidence allegedly the product of an unlawful search and seizure because obtained from him when he was subjected to temporary detention without cause, and during the course of a "pat down" search impermissible in scope.

Two undercover police officers arranged to buy marijuana from a man named Marlow living at 3952 Mission Boulevard; by virtue of several contacts with Marlow knew he was trafficking marijuana at this address and had seen several people in the house; at an appointed time went to Marlow's residence to obtain marijuana; with Marlow and two other white male persons left the residence, at about 10:30 p.m., and went in an automobile to a place on a dark street, about a mile away, where it was parked; and at this place were assaulted with deadly weapons, i.e., a gun and a knife, by Marlow and his companions. The officers responded, shooting Marlow and a man named Weisel. The third man escaped.

Other police officers had acted as surveillant or covering officers; had seen one of the three men arrive at Marlow's residence on a bicycle, which he left inside; learned of the attack when checking on the parked automobile; with knowledge of all the foregoing facts and a description of the third man who had escaped, undertook a search for the latter; went to the residence on Mission Boulevard believing he might return there; and, shortly before midnight, saw the defendant who, according to the testimony of one of the officers, "fit the description" of the third man. The officers stopped defendant; asked for identification, which he produced; and asked him where he lived, in response to which he pointed his hand toward Marlow's residence. One of the officers, named Miles, testified defendant pointed toward the Marlow residence and as he was bringing his hand back to his body "a large bulk was noticed in front of his pants"; that another officer in the group, named McCain, "observed this bulk in the front of the defendant's pants" and pulled it out; the bulky object "was stuck directly in front of the pants, directly under—if there was a belt buckle, it would be directly under the belt buckle going down in the lower part of the pants, with the knit shirt pulled over the top of the pants"; and he thought "there was a weapon in the front of his pants, possibly a gun or a knife, and that the defendant was reaching for it." The bulky object "turned out to be a bag"; was opened by the officers; and contained five cans of marijuana and 92 seconal capsules. Defendant was arrested for possession of marijuana, possession of restricted dangerous drugs and robbery. Apparently the officers believed Marlow and his companions robbed the undercover officers.

Defendant was present at the hearing on the motion to suppress; described the size of the bulky object and compared it to a pitcher the court had in view; and called as a witness a man named Murphy, reportedly the third

man, which gave the court the opportunity to compare the appearance of defendant with the appearance of the third person and the description of the third person given the officers.

The issue on appeal is whether, within the guidelines expressed in *Terry* v. *Ohio,* 392 U.S. 1, 19-20 [20 L.Ed.2d 889, 88 S.Ct. 1868, 1879], the circumstances justified stopping and interrogating defendant, and whether seizure of the bulky object was reasonably related to those circumstances. This court in *People* v. *Hawxhurst,* 264 Cal.App.2d 398, 400 [70 Cal.Rptr. 253], a case involving a factual situation substantially similar to the case at bench, considered, stated and applied the principles of law upon which we premised our conclusion the stopping, detention, search and seizure there under consideration were reasonable; those principles apply to the case at bench; and further discussion thereof is unnecessary.

There is substantial evidence supporting the following conclusions implied in the order denying defendant's motion to suppress: (1) there was sufficient similarity between defendant's appearance and the description of the third man given the officers to justify a reasonable belief defendant might be that man, and authorized the stopping and interrogation which took place; (2) defendant's movement when pointing to the Marlow residence justified the belief he might be the third man participating in the assault who had left his bicycle in that residence, and also justified the belief he might be associated with Marlow's illegal narcotics activities at that residence; (3) defendant's movement in lowering his hands and the position of the "large bulk" at the beltline in the front of his pants justified the belief the "large bulk" was a gun or a knife and defendant was reaching for it; (4) it was reasonable to seize the object believed to be a gun or knife; and (5) from the fact the object removed proved to be a large bag, the contents of which could be felt by the officers, it was reasonable to believe the bag contained contraband defendant intended to deliver to the Marlow residence where they knew trafficking in narcotics had taken place.

Defendant contends, among other things, the evidence does not support the conclusion Officer McCain, who seized the bulky object, possessed the same information or shared the same belief as Officer Miles, who was the only officer testifying to the events heretofore related and, for this reason, a finding the seizure was justified is not supported by the evidence. However, the testimony of Officer Miles supports an inference the other officers present possessed the same information he possessed and entertained the same belief he entertained.

Defendant also contends his initial detention was unauthorized because it was premised on the alleged belief of the officers he fitted the description of the third man given them and the evidence does not reasonably justify

this belief. The argument in support of this contention is directed to the weight of the evidence rather than its insufficiency as a matter of law to support the finding, implied in the order of denial, the similarity between defendant's appearance and the description given the officers justified stopping him to ascertain his identity. ■ The weight of the evidence is not subject to review on appeal unless it is obviously false or inherently improbable, which is not the situation at hand. (*People* v. *Foster,* 195 Cal.App.2d 651, 653 [15 Cal.Rptr. 891].)

■ The court in its summation of the case specifically dwelt upon the evidence respecting the similarity between defendant's appearance and the description of the third man given the officers, and expressly concluded they had reasonable cause to believe defendant appeared to fit the description of and was the third man; the officers would have been derelict in their duty if they had not stopped defendant and conducted an appropriate investigation to determine his identity; and the circumstances attendant upon the discovery and seizure of the bulky object were "suspicious and unusual."

We conclude the circumstances reasonably justified stopping defendant to ascertain if he might be the third man engaged in the assault upon the undercover officers; interrogating him respecting his place of residence; and removing the bulky object under the belief it might be a gun or knife. (*People* v. *Hawxhurst, supra,* 264 Cal.App.2d 398, 400; see also *People* v. *Nickles,* 9 Cal.App.3d 986, 990-992 [88 Cal.Rptr. 763]; *People* v. *Heard,* 266 Cal.App.2d 747, 750-754 [72 Cal.Rptr. 374]; *People* v. *Britton,* 264 Cal.App.2d 711, 718-721 [70 Cal.Rptr. 586].)

The circumstances justifying the stopping and investigation in the case at bench are: (1) the similarity in description between the defendant and the third man; (2) the presence of defendant in the area where the third man had been; (3) defendant's presence in this area about an hour after the assault upon the undercover officers; and (4) the fact this area was about a mile from the place where the assault had occurred. The circumstances justifying a reasonable belief defendant was armed and it was necessary to disarm him are: (1) the belief defendant was the third person engaged in the armed assault upon the undercover officers; (2) defendant's indication he lived at the Marlow residence; (3) the undercover officers had been assaulted with a gun and knife; (4) the bulky object was of a size resembling that of a gun or knife, and was in a position where a gun or knife might be carried; and (5) the movement of defendant's arm from an upright position downward toward his body indicated his intention to use this gun or knife.

The fact the bulky object turned out to be a bag, its size, the place where it was being carried on defendant's person, the fact defendant had

indicated he lived at the Marlow residence, and the officers' knowledge of trafficking in narcotics at that place furnished reasonable cause to believe the bag contained contraband, i.e., narcotics or dangerous drugs which defendant was delivering to the Marlow residence, and furnished probable cause to look into the bag. (*People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57]; *People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52]; *People* v. *McGlory,* 226 Cal.App.2d 762, 765 [38 Cal.Rptr. 373].)

Defendant's motion to suppress properly was denied.

The judgment is affirmed.

Brown (Gerald), P. J., and Ault, J., concurred.