*Supp. 3 Opinion
NEWMAN, J.
Statement of the Case
In a misdemeanor complaint filed August 7, 1987, defendant was charged with violating Health and Safety Code section 11364,[1]
*unlawful possession of a cocaine pipe. A jury returned a guilty verdict to the charge and this appeal followed.
On August 6, 1987, at 9:15 p.m., Officers Harrison and Giuliani were driving in an alley at Carlton Way and Western Avenue in the City of Los Angeles. They observed three men standing in the alleyway, which is “plagued by blatant sales and use of cocaine.” Officer Harrison testified that one of the men “had a lighter or light substance and one of the gentlemen [made] a motion like he was smoking a cigarette.” After the officers ordered the three men to approach, they “immediately attempted to exit the opposite end of the alley.” Officer Harrison chased after defendant and observed him “drop a cigarette lighter and small glass tubular object commonly used for the smoking of cocaine.” The officer recovered the object and placed defendant under arrest.
At trial, Officer Harrison testified that “the glass tubular object known as a cocaine pipe has the steel wool end that’s fashioned in a type of small bowl. You take a small piece of rock cocaine, place it in the bowl. You put the other end in your mouth and you hold a lighted substance to it and you inhale as if you were smoking a cigarette.”
Part I*
Part II
We now consider defendant’s contention that Health and Safety Code section 11364 is unconstitutionally vague and overbroad.[3] Health and *Supp. 4 Safety Code section 11364 prohibits possession of devices, contrivances, instruments and paraphernalia used for smoking certain listed controlled substances, including cocaine. (Health & Saf. Code, § 11054, subd. (f)(1).) Thus, the pipe possessed by defendant and identified and described by the prosecution’s police officer witness as a pipe used for smoking cocaine may not be lawfully possessed. This court has no difficulty finding evident the purpose of Health and Safety Code section 11364 and its companion drug paraphernalia statutes from the language used: “to eliminate the use and sale of such items.” (People v. Clark-van Brunt (1984) 158 Cal.App.3d Supp. 8, 10, fn. 1 [205 Cal.Rptr. 144]; People v. Nelson, supra, 171 Cal.App.3d Supp. 1, 12.)
In dictum which provides the rationale for its holding, the Court of Appeal has indicated that Health and Safety Code section 11364 is not unconstitutionally vague. “Health and Safety Code section 11364 and its predecessor, section 11555, since its amendment in 1953, have used the language ‘any device, contrivance, instrument or paraphernalia used for unlawfully injecting or smoking’ a controlled substance or narcotic. (Italics added.) The statute penalizes possession of the listed items when used for the proscribed purposes,. . . [and] has been the subject of prosecutions and has been upheld by implication in numerous appellate court opinions. [Citations omitted.]” (Music Plus Four, Inc. v. Barnet (1980) 114 Cal.App.3d 113, 126-129 [170 Cal.Rptr. 419].) The statute undoubtedly gives “the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.” (Grayned v. City of Rockford (1972) 408 U.S. 104, 108 [33 L.Ed.2d 222, 227, 92 S.Ct. 2294].) The plain words of the statute “provide clear lines by which citizens, law enforcement officials, judges and juries can understand what is prohibited and what is not.” (People v. Mirmirani (1981) 30 Cal.3d 375, 384 [178 Cal.Rptr. 792, 636 P.2d 1130].)
Contrary to defendant’s assertion, it is not any pipe, even one “used by honest citizens for lawful purposes” that is rendered unlawful by Health and Safety Code section 11364. “ ‘Whether [or not this] is a device, contrivance, instrument or paraphernalia for the smoking of [cocaine] is a question of fact.’ (Fraher v. Superior Court [1969], supra, 272 Cal.App.2d 155, 160 [77 Cal.Rptr. 366], [disapproved on another point in People v. Fein (1971) 4 Cal.3d 747, 755, fn. 3 (94 Cal.Rptr. 607, 484 P.2d 583).]) That fact, where the subject matter is sufficiently beyond common experience, may be determined from the opinion of an expert witness even though the fact embraces the ultimate issue to be decided. [Citations.]” (People v. Nickles (1970) 9 Cal.App.3d 986, 993 [88 Cal.Rptr. 763].) That is what occurred in this case, when the police officer, an expert witness, testified that the purpose of the pipe defendant possessed was the smoking of cocaine.
*Supp. 5 Part III*
The judgment is reversed insofar as defendant’s sentence is hereby modified to 180 days in the county jail. In all other respects, the judgment is affirmed.
Margolis, P. J., and Roberson, J., concurred.

 Section 11364 provides: “It is unlawful to possess an opium pipe or any device, contrivance, instrument or paraphernalia used for unlawfully injecting or smoking (1) a controlled substance specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or (2) a controlled substance which is a narcotic drug classified in Schedule III, IV, or V.”

See footnote, ante, page Supp. 1.

 Defendant’s argument confuses vagueness and overbreadth. Overbreadth is a First Amendment doctrine inapplicable to this case. (See City Council v. Taxpayers for Vincent (1984) 466 U.S. 789, 800-801 [80 L.Ed.2d 772, 783-784, 104 S.Ct. 2118].) Because defendant is “complaining of vagueness, not overbreadth” his overbreadth claim is untenable. (People v. Nelson (1985) 171 Cal.App.3d Supp., fn. 5. [218 Cal.Rptr. 279].)

See footnote, ante, page Supp. 1.